PER CURIAM.
This court issued a rule nisi upon relator’s suggestion for writ of prohibition.
On June 14, 1972 the relator, Robert Williams, was informed against and arrested. The information (No. 72-4703) charged Williams with one count of bribery and one count of conspiracy to commit a bribe along with a co-defendant, Edward J. Connell, who was charged in the same information with one count of accepting a bribe and one count of conspiracy to accept a bribe. Williams and Connell were tried jointly on November 28, 1972. On December 6, 1972 a mistrial was declared on the conspiracy counts and Williams[1] was granted a severance for retrial from Connell’s case. Thereafter, on December 27, 1972 the state filed an additional information (No. 72-9315) based upon the same criminal episode alleged in the first information. This new information charged the relator and co-defendant with conspiracy to solicit a bribe.
On March 1, 1972 a hearing was held on a motion for continuance made by counsel for relator which was ultimately denied.
Both cases based on the two informations (Nos. 72-4703 and 72-9135) were called for trial on Monday, March 5, 1973,[2] at which time a jury was impaneled and sworn. Thereafter, the state nolle processed case no. 72-4703.[3] On March 9, 1973, the respondent trial judge reaffirmed the severance of December 6, 1972 and then reset the relator’s case for trial on March 16, 1973. Subsequently the case was reset again for May 6, 1973. Counsel for relator on March 13, 1973 moved that his client be discharged from prosecution and custody on the grounds that the speedy trial rule had been violated. That motion was denied and counsel filed this suggestion for writ of prohibition.
Respondent contends (1) that the act of reaffirming the relator’s severance by manifest necessity constituted a declaration of mistrial as to the relator even with *529 out being declared so, and (2) there was a stipulation or inference of stipulation in the record to waive the ninety (90) day requirement of the speedy trial rule when the original charges were nolle processed and the state refiled some of the charges.
As to the first contention, respondent has cited no Florida case law nor can we find any authority to support the argument that the act of reaffirming a severance as to a co-defendant constitutes a declaration of a mistrial without being declared so. Thus, we are compelled to reject this contention.
Turning to the second point raised, we found that contention to be lacking in merit.
On December 6, 1972 a mistrial as to the conspiracy counts was declared. CrPR 3.-191(g), F.S.A. directs that “a person who is to be tried again shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court .” Several days prior to the expiration of this ninety (90) day period, on March 1, 1973 a hearing, at which the record reflects some discussion of a waiver of CrPR 3.191(g), was held. However, the parties could not reach agreement on this matter. In addition, CrPR 3.-191(d)(2) clearly provides that a stipulation to waive or extend the periods of time established by the speedy trial rule must be signed in proper person or by counsel. We find no such stipulation signed by the relator or his counsel in the case sub judice.
On March 5, 1973, the final day before the expiration of the ninety (90) days, the cases (Nos. 72-4703 and 72-9135) were set for trial and a jury impaneled and sworn. The causes were then recessed and thereafter the .state entered a nolle prosequi as to case no. 72-4703. On Friday, March 9, 1973, the trial court reaffirmed relator’s severance and reset his trial for a later date.
In light of the above facts, we find that the relator’s speedy trial right pursuant to CrPR 3.191(g) was violated where there was no waiver of the required ninety (90) day period and his new trial date was set in excess of ninety (90) days after the December 6th declaration of mistrial. Further, the fact that the state nolle processed the first case (No. 72-4703) does not operate to deprive the relator of his right to speedy trial for CrPR 3.191(h)(2) provides that the time within whicíi a person must be tried cannot be extended by the state entering a nolle prosequi to a crime charged and then prosecuting new or different charges based on the same conduct or criminal 'episode as in the case at bar.[4] See Bryant v. Blount, Fla.App.1972, 261 So.2d 847, cert. denied, Fla.1972, 267 So.2d 82 and State v. Boren, Fla.App.1973, 273 So.2d 415. The record reveals that Robert Williams’ new trial was set ultimately for May 7, 1973 and the date of his arrest was June 14, 1972. Thus, the relator’s right to a speedy trial was violated also pursuant to CrPR 3.191(a)(1), which requires that every person charged with a felony by information be brought to trial within 180 days from the date of custody, which commenced to run in the instant case on June 14, 1972. See Allen v. State, Fla.1973, 275 So.2d 238 (released March 21, 1973).
Viewed from any perspective, the relator was denied his right to a speedy trial.
Accordingly, for the reasons stated here-inabove, we hold that the trial court erred in denying the defendant’s motion for discharge; that the same should be granted and the relator discharged and the respondent is prohibited from further exercising any jurisdiction on information no. 72-9135 as to the relator, Robert Williams.
Prohibition granted.

. Defendant Williams was found not guilty on the count of bribery.

. The final day within the 90 day period.

. Its motion to amend information no. 72-4703 having been denied.

. The state freely admits that information no. 72-9135 is based upon the same criminal episode as information no. 72-4703.