326 So.2d 443 (1976)
The STATE of Florida ex rel. Milton Simonds, Relator,
v.
The Honorable W. Troy HALL, Jr., As Judge of the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, Respondent.
No. 75-1621.
District Court of Appeal of Florida, Second District.
February 13, 1976.
Jack O. Johnson, Public Defender, and Steven H. Denman, Asst. Public Defender, Bartow, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for respondent.

ON PETITION FOR REHEARING
PER CURIAM.
This court previously denied this petition for prohibition because the case had not been set for trial. The petition for rehearing filed by relator has persuaded us that the failure to set the case for trial does not prevent this court from deciding the speedy trial question presented by this petition for prohibition after relator's motion for discharge by the trial court has been denied.
Relator was convicted of rape, kidnapping, robbery, and entering without breaking with intent to commit a felony, and appealed to this court, raising several points on appeal. This court reversed on one point relating to the admissibility of a psychiatrist's testimony as to relator's sanity at the time of the crimes, and remanded for a new trial, finding the other points *444 without merit.[1] Our mandate issued on January 7, 1975. The state timely petitioned for certiorari to the Florida Supreme Court, but its application was filed after the fifteen day automatic stay provision of FAR 4.5c(6). Simonds cross-petitioned for certiorari, claiming the first trial was untimely and that he should be discharged rather than retried. The state later moved for a stay in the Supreme Court which was denied. The Supreme Court denied the petition and cross-petition on July 17, 1975. State v. Simonds, Fla. 1975, 316 So.2d 293.
On July 18, 1975, the state petitioned in the trial court for a sixty day extension within which to bring Simonds for trial and for an order to return him from prison for trial. Simonds, however, contended that the ninety day speedy trial time set forth in RCrP 3.191(g) had begun to run on January 7, 1975, and the state was barred from retrial. Accordingly, Simonds opposed the petition to order him returned for trial and also moved for discharge.
Simonds' arguments evidently persuaded the trial court, which denied the state's motions for extension and for order returning defendant to trial on September 11, 1975. Simonds' motion for discharge, however, was not ruled on at that time but was ultimately denied by another circuit judge on October 9, 1975. Defendant sought prohibition in this court on November 13, 1975, and we issued a rule to show cause on November 17, 1975.
RCrP 3.191(g) provides that a person who is to be tried again shall be brought to trial within ninety days from the mandate of the appellate court. Obviously, relator was not tried within ninety days of this court's mandate on January 7, 1975. Had the state taken certiorari to the Florida Supreme Court within fifteen days, an automatic stay would have issued,[2] but this was not the case. We are faced with the question, then, of the effect of Simonds' cross-petition for certiorari in the Florida Supreme Court. Obviously, if cross-petitioner had prevailed in the Supreme Court, any retrial would have been void. As far as relator was concerned, the appellate proceedings begun by his appeal to this court had not terminated. To require the state to proceed to a new trial while relator was contesting the very validity of such new trial in the appellate courts would be to give the provisions of the speedy trial rule an interpretation beyond the purpose of its enactment.[3] We hold here that while relator was affirmatively seeking relief in the Supreme Court, he was not continuously available for trial within the meaning of RCrP 3.191(a)(1).[4]
When the Supreme Court denied relator's cross-petition for certiorari on July 17, 1975, the ninety day provision of RCrP 3.191(g) became applicable. The state promptly moved to set the case down for trial well within ninety days from the Supreme Court mandate and sought to have the defendant returned for such trial. That the case was not ultimately tried within ninety days from the Supreme Court mandate was in large part due to the opposition of relator who contended that the speedy trial rule had already run. Relator was still not ready for trial within the contemplation of the speedy trial rule.[5]
Thus, the time for trial had not run by the time this court entered its rule nisi on this suggestion on November 17, 1975. The suggestion for writ of prohibition must be, and is hereby, denied and the rule *445 previously issued is discharged. In view of the length of time that has expired from relator's first trial, not all of which may be entirely attributable to relator, the trial court shall set relator's new trial within thirty days of the date this opinion becomes final.
HOBSON, A.C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] Simonds v. State, Fla.App.2d, 1974, 304 So.2d 525.
[2] See FAR 4.5c(6).
[3] We hereby recede from any dicta to the contrary in Esperti v. State, Fla.App.2d, 1973, 276 So.2d 58.
[4] Rubiera v. Dade County ex rel. Benitez, Fla. 1974, 305 So.2d 161.
[5] See RCrP 3.191(a)(1); RCrP 3.191(d) (2)(iv); RCrP 3.191(e).