GRIMES, Judge.
The state appeals two orders discharging appellee for failure to bring him to trial within the 180-day period prescribed by the Speedy Trial Rule. The court charged the state with the period of time it took appellee to prosecute an unsuccessful appeal from a pretrial ruling. The court construed State v. Williams, Fla.App.2nd, 1973, 287 So.2d 415, as requiring the state to obtain an extension of the speedy trial time pending the appeal even where the appeal was being taken by the defendant.
In State v. Williams, supra, this court held that in the absence of an order of extension, the speedy trial time was not tolled while the state was appealing the dismissal of a charge arising out of the same factual circumstances covered by the pending information. No opinion was expressed upon the effect on the speedy trial time of an appeal by the defendant. However, in State ex rel. Simonds v. Hall, Fla.App.2nd, 1976, 326 So.2d 443, decided after the order of discharge entered below, we held that the speedy trial time was tolled during the pendency of a defendant’s cross-petition for certiorari because he was not continuously available for trial within the meaning of RCrP 3.191(a)(1). If the defendant is availing himself of the right to prosecute an appeal, he is in no position to complain that he is being denied his right to a speedy trial.
The other arguments advanced by appellee in support of the ruling are without merit. The orders of discharge are reversed.[1] The state will have 90 days from the receipt of the mandate within which to bring the appellee to trial. See *503 State v. Glidewell, Fla.App.2nd, 1975, 311 So.2d 126; State v. Vinson, Fla.App.2nd, 1974, 294 So.2d 418.
McNULTY, C. J., and HOBSON, J., concur.

. While not essential to this opinion, our holding in this case is buttressed by the fact that upon the institution of the appeal the court entered an order upon appellee’s motion postponing the trial until the outcome of the appeal.