346 So.2d 137 (1977)
Phillip FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. BB-343 and BB-428.
District Court of Appeal of Florida, First District.
May 27, 1977.
*138 Melvin R. Horne, Horne & Jaffry, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
McCORD, Judge.
The above two cases have been consolidated. In Case No. BB-343 appellant was charged in a two count information with "possession of more than five (5) grams of Cannabis" in Count I and that he did "unlawfully possess with intent to sell cannabis" in Count II. He was found guilty by jury of both counts, adjudged guilty of Count II and sentenced to three years imprisonment with credit for 34 days jail time served. No adjudication has been made under Count I.
In Case No. BB-428, appellant pled nolo contendere to an information charging him with sale of marijuana. He was adjudged guilty and sentenced to three years' imprisonment to run concurrently with the sentence imposed in Case No. BB-343. These appeals are from the judgments and sentences in the two cases.
Appellant contends that the trial court erred in sentencing him to three years less jail time (a felony sentence), under Count II of the information in Case No. BB-343 because that count only charged a misdemeanor. He is correct. § 893.13(1)(a), Florida Statutes (1975), provides that it is unlawful to possess with intent to sell a controlled substance and provides that if the controlled substance is named or described in § 893.03(1)(c) [which includes cannabis], the possessor with intent to sell is guilty of a felony. But paragraph (f) of § 893.13(1) provides that "if the first offense is the possession or delivery without consideration of not more than 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, ..." Here Count II of the information did not charge possession of more than five grams of cannabis. Thus, it only charged a misdemeanor of the first degree.
As stated above, although the jury found appellant guilty of Count I, a felony, the court has not adjudged him guilty of Count I. We surmise that such was not done because both counts involve a phase or facet of the same criminal act and to sentence defendant under both counts would violate the single transaction rule. He should be adjudged guilty of Count I and sentenced for the highest of the two offenses  Count I. See Cone v. State, 285 So.2d 12 (Fla. 1973).
We have examined the remaining points raised by appellant on the two appeals and find them to be without merit.
The judgment and sentence in Case No. BB-428 is affirmed and Case No. BB-343 is reversed with directions to vacate the sentence imposed under Count II and to adjudge appellant guilty of the felony stated in Count I and impose sentence under Count I.
RAWLS, Acting C.J., and McCORD and SMITH, JJ., concur.