McCORD, Chief Judge.
The state appeals an order granting ap-pellees’ motion to dismiss an amended information with prejudice. The trial court ruled that the state had failed to bring appellees to trial within the time allowed by the speedy trial rule, Fla.R.Crim.P. 3.191, even though appellees were continuously ready for trial during the period. We reverse.
Appellees were arrested on December 15, 1976, on charges of possession of cannabis. The arrest records show they were arrested for possession of more than five grams. On December 30, 1976, the state filed an information charging each of the appellees with possession of cannabis with intent to deliver on December 15. The charge did not specify whether the possession was of more or less than five grams. On March 16, 1976, the state filed two amended informations severing Alexander Johnson from the other appellees and adding allegations that each appellee’s possession was of over five grams and each delivery was for consideration. Appellees then each filed motions for discharge alleging that the speedy trial period had run without trial even though .they were continuously available. On April 7, 1976, leave of court to file the amended informations was granted, nunc pro tunc to March 16. Also, on April 7, 1976, the court granted appellees’ motion for discharge.
The original information only charged a misdemeanor since it did not specify that appellees were in possession of more than five grams of cannabis. Patterson v. State, 313 So.2d 712 (Fla.1975); Franklin v. State, 346 So.2d 137 (Fla. 1 DCA 1977). The circuit court did not have jurisdiction to try the case under the original information, but upon the filing by the state of the amended informations pursuant to Fla.R.Crim.P. 3.140(j) charging felonies, the circuit court acquired full jurisdiction and the 180-day trial period from the time of arrest applicable to felonies became applicable. The trial court therefore erred in dismissing the amended informations.
REVERSED.
BOYER and MELVIN, JJ., concur.