LETTS, Judge.
This interlocutory appeal stems from a refusal by the trial judge to permit the State to amend the information. We reverse.
We have no quarrel with the trial judge’s order granting the motion to suppress the evidence. Judge Sample expressly found that the officers were lying about the facts of their alleged probable cause to search the hangers for contraband contained iri two aircraft. However, we feel his understandable disgust with the authorities may be what prompted him to refuse the State’s motion to amend the information and in this he was in error.
The original information contained two counts and read as follows:
I.
“. . . did then and there unlawfully deliver a controlled substance, to wit: CANNABIS, commonly known as marijuana, in an amount in excess of One-Hundred (100) Pounds, in violation of Florida Statute 893.13(l)(a);”
II.
“. . . did then and there unlawfully have in their actual or constructive possession a controlled substance, to wit: CANNABIS, commonly referred to as marijuana, in an amount in excess of One-Hundred (100) Pounds, in violation of Florida Statute 893.13(l)(a)2;”
*1145 The requested amended information deleted Count I and amended Count II to read as follows:
II.
“. . . did then and there unlawfully possess with the intent to sell or deliver a controlled substance, to wit: CANNABIS, commonly known as marijuana, in an amount in excess of One-Hundred (100) Pounds in violation of Florida Statute 893.13(l)(a)2;”
We cannot see how this amended information would have changed the facts, or the defense, in the case at bar and the appellees would not have been prejudiced thereby. In such event technical defects are to be excused unless prejudice is shown. Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), Lackos v. State, 339 So.2d 217 (Fla.1976). The statute the defendants were charged under was the same [§ 893.13(l)(a)(2) Fla.Stat.1977][1] and the amendment did not prejudice nor surprise the defendants. Nor was the original motion to amend filed on the morning of the trial, same being filed at least 30 days prior thereto.
Accordingly, we are of the view that the amendment to the information should have been permitted under Fla.R.Crim.P. 3.1400).
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C. J., and ANSTEAD, J., concur.

. We assume, however, that the original information should have read Fla.Stat. 893.13(l)(a)2 in Count I and Fla.Stat. 893.13(l)(b) in Count II.