BOOTH, Judge.
This cause is before us on appeal from orders of the trial court granting appellees’ motions for discharge of Count I of first and second amended informations.
Appellees were arrested August 18, 1977, and charged by information filed September 15, 1977, with, Count I, possession of marijuana contrary to Florida Statute section 893.13(l)(e), and, Count II, possession of hashish, contrary to section 893.13(l)(e). Trial on December 28 and 29 of 1977 resulted in a mistrial because the jury was unable to reach a unanimous verdict. Thereafter, the State moved to amend Count I of the information to allege that appellees possessed more than 5 grams of marijuana, a felony. The motion states that through clerical error and oversight the original Count I failed to specify any amount of marijuana.
The court allowed the amendment of Count I to charge a felony, holding:
*44 “The defendants argue that the State may not amend the information in this case. The Court disagrees. The Court has carefully read the authority cited by the defendants including the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and U. S. v. Jamison, 505 F.2d 407 (1974). Although these decisions require restrictions on increased charges after mistrials, this does not mean that a higher charge can never be brought; rather, the prosecutor must justify his harsher treatment of the defendants in a way which negates the possibility of vindictiveness. The prosecutor in this case, has set forth his reasons for such increase as well as its factual basis which negate the possibility of the vindictiveness in this case. . . . ”
The correctness of the trial court’s order allowing the amendment is supported by a number of facts of record here which indicate that appellees were not unfairly surprised or prejudiced by the amendment.[1] The arrest reports against both appellees charge “possession of marijuana over five grams.” Next, Count I of the original information charges a violation of Florida Statute § 893.13(l)(e) expressly, a subsection of the- statute which provides that its violation is a third degree felony.[2] The State has conceded however, that by case law, Count I also had to specify that the amount of marijuana possessed was more than five grams in order to charge a felony.[3] Despite the technical deficiency of Count I, appellees proceeded below as though both counts of the information charged felonies. Trial was held, without demand or objection, more than 90 days following arrest, although under the rule of Pouncy v. State, 296 So.2d 625 (Fla.3d DCA 1974) joinder of misdemeanor and felony counts in a single information would have entitled appellees to demand trial within 90 days. No unfair surprise is claimed by the amendment and it was properly allowed by the court.
Two weeks after its order allowing the amendment, however, the trial court entered an order granting defendants’ motion to discharge Count I of the amended information under the speedy trial rule because trial had not been had within 180 days of appellees’ arrest. Thereafter, the State sought to further amend so as to return to the language of the original Count I. The court disallowed this amendment on the grounds that the original charge had been abandoned by the earlier amendment. Count II, unamended, remains to be retried, and is not an issue here.
Because of our ruling on the first of the trial court’s orders, discharging the amended Count I, we do not reach the issue raised as to the second order.
The question presented is whether the amended charge is governed by Rule 3.191(g), Florida Rules of Criminal Procedure, which provides:
“A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the *45 date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.” (e.s.)
We note that the speedy trial rule does not prohibit amendments, nor proscribe enhanced charges. The above quoted subsection of the rule does not exclude amended charges from the 90 day period allowed following mistrial. In State v. Johnson, 354 So.2d 902 (Fla.lst DCA 1978) the original charge against the defendants failed to specify that defendants were in possession of more than five grams of cannabis so as to charge a felony. In that case, as here, the arrest records showed that the defendants were charged at the time of arrest with possession of more than five grams. The allegations necessary to charge the greater offense were held properly allowed by the amendment.
In Homer v. State, 358 So.2d 1176 (Fla.3d DCA 1978), cert. denied 364 So.2d 886 (Fla. 1978), the defendant was initially charged with driving under the influence of alcoholic beverages, and trial was set on the charge. Thereafter, defendant requested and obtained two continuances. Some two months after the accident, the State filed an information charging defendant with vehicular homicide and entered a nolle prosse as to the charge of driving under the influence. Trial on the vehicular homicide charge was had more than 180 days after defendant was taken into custody as a result of the incident upon which the vehicular homicide charge was based. Defendant’s motion for discharge under Rule 3.191, was denied, however, and he was tried and convicted of vehicular homicide. In affirming the conviction, the court stated:
“When Homer requested and was granted a continuance, the time limitations under the speedy trial rule were waived. We further note that the filing of the new information for vehicular homicide, subsequent to the continuance granted to Homer on the initial driving under the influence charge, did not vitiate his waiver or revive the 180 day limitation inasmuch as the charges in both informations were based upon the same conduct or criminal episode . . . ” (e.s.)
In Causey v. State, 307 So.2d 197 (Fla.2nd DCA 1975), the defendant was charged with breaking and entering with intent to commit grand larceny. The trial court erroneously instructed the jury on grand larceny as a lesser included offense and the defendant was convicted of grand larceny. On appeal, the conviction of grand larceny was reversed, but the court held:
“Appellant cannot be retried for breaking and entering with intent to commit grand larceny, since in legal effect he has already been acquitted of that crime . However, nothing would prevent the State from seeking to convict appellant of grand larceny, subject to the requirement of bringing him to trial within ninety days pursuant to Rule 3.191(g), RCrP. ...” (e.s.)
Thus, Causey holds a new charge, arising from the same occurrence, was proper and the defendant subject to trial thereon, within the 90 days allowed by Rule 3.191(g).
The basic constitutional right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution is not violated by an otherwise proper amendment to an indictment or information, and this is true even though the amendment enhances the charges. Gravitt v. U. S., 523 F.2d 1211, 1216 (CA 5th 1975).
The question then is one of the correctness of the trial court’s allowance of the amendment in the first instance. The good faith, or lack thereof, on the part of the State, and fairness, or unfairness, to the defendant by allowance of the amendment are the questions which must be resolved in accordance with principles of law applicable to amendments. Once those questions are resolved, the amended charges come under the same speedy trial time periods as apply to the original charges. Any other rule creates a technical morass which does little *46 to either insure the speedy trial or further the interest of justice. If amendments are to be allowed, as they presently are under the case law of Florida, then the provisions for tolling and waiver must apply across the board to the amended and original charges arising from the same occurrence.
Accordingly, the order of the trial court discharging appellees as to Count I of the amended information is REVERSED and the cause REMANDED with directions that the appellees may be brought to trial within the period prescribed by Rule 3.191(g), Florida Rules of Criminal Procedure.
MELVIN, J., concurs.
ROBERT SMITH, Acting C. J., dissents.

. State v. Caserta, 358 So.2d 1144, 1145 (Fla.4th DCA 1978) holding state entitled to amend information charging delivery and possession of marijuana to charge possession with intent to sell or deliver, where statute defendants were charged under was same, stating: “We cannot see how this amended information would have changed the facts, or the defense, in the case at bar and the appellees would not have been prejudiced thereby. In such event technical defects are to be excused unless prejudice is shown.”

. Fla.Stat. § 893.13(l)(e): “It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084.”

.State v. Johnson, 354 So.2d 902 (Fla. 1st DCA 1978); Pope v. State, 268 So.2d 173 (Fla.2nd DCA 1972).