SHARP, Judge.
For the second time Eire petitions this court to bar his prosecution for first degree murder and require his discharge because the time limits set by Florida Rule of Criminal Procedure 3.191 have run. We find that the time periods have not run in this case, and we deny the petition.
A summary of the proceedings involving the murder charge against Eire is as follows:
*650 November 8,1979 - Eire was arrested on a first degree murder charge - trial was set for the week of April 14, 1980, and was reset day by day.
April 29,1980 - Petitioner sought a continuance to prepare for trial when public defender withdrew and present counsel was appointed. Court granted a continuance, “charged" to petitioner, and reset the trial for June 23,1980.
May 9,1980 - Petitioner filed a motion for discharge; trial court denied it. Petitioner said he would seek a writ of prohibition to this court, and the trial court postponed the trial.
May 21,1980 - Petitioner filed a petition for writ of prohibition in this court.
July 15,1980 - This court found no merit in the petition even after reviewing portions of the record sua sponte; and it denied the petition without requiring a response from the state.
August 25,1980 - Petitioner filed a motion for discharge claiming more than 90 days had expired since his prior motion for discharge was denied. Fla.R. Crim.Proc. 3.191(d)(3).
September 15,1980 - Trial court denied second motion for discharge.
September 18,1980 - Eire again sought a Writ of Prohibition and this court issued a show cause order.
Florida Rule of Criminal Procedure 3.191(a)(1) requires that a person charged with a felony be brought to trial within 180 days of his arrest, provided he has been “continuously available for trial during such period of time .... ” It is well established, however, that if a defendant seeks a continuance or a continuance is required because of circumstances “chargeable” to the defendant, the 180 day time limit of the rule is waived and it no longer applies. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980); State v. DiSimone, 386 So.2d 283 (Fla. 4th DCA 1980). Here Eire sought a continuance and it was charged to him. Thus the 180 day rule is not applicable to him.
Rule 3.191(d)(3) provides that if a continuance chargeable to the defendant is obtained, and the speedy trial time runs out, and the defendant files a motion for discharge which is properly denied, the “trial shall be scheduled and commence within 90 days.” Homer v. State, 358 So.2d 1176 (Fla. 3d DCA), cert. denied, 364 So.2d 886 (Fla.1978). In State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980) we held that a defendant who “waived” the 180 day time span can “reactivate” the 90 day rule of 3.191(d)(3) by filing a motion for discharge, and under this rule the defendant must be tried within 90 days of the time he filed the motion for discharge.
Eire was not brought to trial within 90 days following his motion dated May 9, 1980. The reason he was not tried on June 23, 1980, as he otherwise would have been, was because he elected to seek review of the trial court’s denial of his motion through filing a petition for writ of prohibition.[1] Because of his stated intent to seek a writ of prohibition, the trial court declared him indigent so his appointed counsel could proceed in this court, and it again postponed the trial.
Until July 15, 1980, Eire was actively challenging the trial court’s right to proceed to trial. During this time period Eire was not, as a practical matter, “available for trial”[2] and his seeking appellate review in this matter is surely an “unexcused action” or “decision” sufficient to postpone the commencement of the running of the 90 day period until the prohibition matter was finally decided. Fla.R.Crim.P. 3.191(d)(3). Bryant v. Blount, 261 So.2d 847 (Fla. 1st DCA), cert. denied 267 So.2d 82 (Fla.1972). It would be unreasonable and uneconomic to require the state to proceed to try a case it could well be prohibited from trying. As the court said in State ex rel. Simonds v. Hall, 326 So.2d 443 (Fla. 2d DCA 1976):
To require the state to proceed to a new trial while relator was contesting the *651 very validity of such new trial in the appellate courts would be to give the provision of the speedy trial rule an interpretation beyond the purpose of its enactment.
Id. at 444.
We conclude the 90-day period of rule 3.191(d)(3) began to run in Eire’s case on May 9, 1980. However Eire stopped the running of this time span when he sought the writ of prohibition in this court on May 21, 1980. Excluding the time expended in the appellate court, 53 days passed since May 9, 1980, and the time Eire filed his second motion for discharge on August 25, 1980. The trial court correctly denied this second motion for discharge. The 90-day period began to run again on August 25, 1980,[3] but was tolled by the second round of appellate proceedings which commenced on September 18, 1980. The balance of this time will begin running again when this opinion is final.
Petition DENIED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. The defendant could have proceeded to trial and still preserved this point on appeal.

. State v. Anglin, 333 So.2d 502 (Fla. 2d DCA), cert. denied 342 So.2d 1100 (Fla. 1976); Rosenwasser v. Smith, 308 So.2d 600 (Fla. 3d DCA 1975).

. State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980). Effective Jan. 1, 1981, the revised rule starts the 90-day period running from the “written or recorded order of denial.” Rule 3.191(d)(3); The Florida Bar: Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980).