411 So.2d 863 (1982)
David WEED and Brenda Weed, Petitioners,
v.
STATE of Florida, Respondent.
No. 57516.
Supreme Court of Florida.
March 11, 1982.
Leo A. Thomas of Levin, Warfield, Middlebrooks, Mabie & Magie, Pensacola, for petitioners.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
This is a petition for writ of certiorari seeking review of a decision by the District Court of Appeal, First District, reported as State v. Weed, 373 So.2d 42 (Fla. 1st DCA 1979), which conflicts with Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979); State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla.3d DCA 1978); State ex rel. Williams v. Cowart, 281 So.2d 527 (Fla.3d DCA 1973), and Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971). We have jurisdiction, Article V, Section 3(b)(3), Florida Constitution.
Once again, we are confronted with an application of Rule 3.191, Rules of Criminal Procedure, the speedy trial rule. Petitioners were arrested on August 18, 1977, and charged by information on September 15, 1977, with separate counts of possession of marijuana and possession of hashish contrary to section 893.13(1)(e), Florida Statutes (1977). Trial on December 28-29, 1977, *864 resulted in a mistrial when the jury could not reach a unanimous verdict. Subsequently, the state moved to amend the marijuana count in order to allege that petitioners possessed more than five grams, the amount necessary to constitute a felony. On February 10, 1978, the trial court allowed the amendment over petitioner's objections. On February 24, 1978, the court granted petitioners' motion to discharge the newly-amended marijuana count under the speedy trial rule, ruling that the amendment of the information to charge possession of more than five grams was a new and different charge based on the same conduct or criminal episode and was therefore subject to the 180 day time period in Rule 3.191(a)(1). Subsequently, the state sought to amend the count to reinstate the misdemeanor. The court rejected the amendment on the ground that the original charge had been abandoned by the earlier amendment and further found that defendants had been available for trial and no exceptional circumstances existed.
Upon appeal, the district court reversed and remanded, holding that the state was entitled under the provisions of Rule 3.191(g), Florida Rules of Criminal Procedure, to 90 days from the date of mistrial, notwithstanding the fact that the charge was amended from a misdemeanor to a felony. The court reasoned that the speedy trial rule prohibits neither amendments nor enhanced charges and that once charges are amended, the amended charges are subject to the same speedy trial time periods as apply to the original charges. More specifically, it was noted that subsection (g) does not exclude amended charges from the 90 day period allowed following mistrial.
Rule 3.191(g) reads as follows:
(g) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.
In his dissent, Judge Robert Smith construed the words "to be tried again" in Rule 3.191(g) as limited to retrial of the same charges on which the accused was previously tried, or to lesser and included charges, or charges of attempt to commit those offenses, but not to increased amended charges.
Thus, the main issue confronting this Court is whether the state should be given the benefit of the 90 days allowed by Rule 3.191(g) on the amended charge. In addition, we find it necessary to answer a second question not resolved by the district court since that court's resolution of the first question made consideration of it unnecessary. That question is whether the trial court's denial of the state's motion to reinstate the charge as a misdemeanor was correct.
We hold that Rule 3.191(g) is not applicable to an information which has been amended to increase a charge from a misdemeanor to a felony after a mistrial on the misdemeanor. To reach this conclusion, we must determine the precise meaning of the language "to be tried again". Obviously, this rule contemplated that the normal retrial would involve the same charge that was the subject of the proceeding which resulted in the mistrial, thereby necessitating less time for trial preparation and a shorter than normal speedy trial time period. Inherent in such a time limit reduction is a concomitant restriction on the nature of changes which can be made in the essential elements of the charge. In this regard, it is difficult to imagine a greater change than an increase in a charge from a misdemeanor to a felony. A person is not being "tried again" for a misdemeanor when he is charged with a felony.
An analysis of similar cases is useful in assisting us to reach this conclusion. In *865 Thaddies, the court held that when a charge is dropped and another is filed based on the same incident, the date of the arrest is the relevant date for speedy trial purposes. In Nesbitt, the fact that the charge was changed from a felony to a misdemeanor and then back to a felony did not alter the running of the speedy trial period from the original arrest date. See also Gue v. State, 297 So.2d 135 (Fla. 2d DCA 1974). In Cowart, there was a mistrial, after which charges were amended. After the expiration of the 90 days under Rule 3.191(g), the state attempted to nolle prosequi one charge. The court held the speedy trial time limit had run since the trial had not commenced within the 90 days. The court went on to add that the fact that the state entered a nolle prosequi did not operate to deprive the accused of his right to a speedy trial given the language in Rule 3.191(h)(2) which provides that the time cannot be extended by the filing of new charges based on the same criminal episode.
These cases stand for a basic proposition that is central to this case, that is, the date of the original arrest is the focal point for speedy trial considerations, irrespective of changes made in charges. Only in specifically delineated circumstances can the time periods be adjusted.
In the case sub judice, the state apparently made an error in the charging information by omitting a necessary element for the charge of felony possession of marijuana. After the mistrial the state attempted to amend the information to include all the elements of the felony. The trial court correctly analyzed applicable precedent, e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and properly allowed the amendment since the state had justified the harsher treatment in a way which negated the possibility of vindictiveness. However, despite what the state may have believed concerning the availability of the additional 90 days under Rule 3.191(g), the court order did not have the effect of extending the speedy trial period.
In the district court's opinion reversing this order much is made of the fact that the speedy trial rule does not prohibit amendments nor proscribe enhanced charges. While silence on this matter may be interpreted by some as license for unlimited amendments, the correct interpretation is that the rule does not grant the state total freedom to amend charges without having an effect on speedy trial time periods. The district court reasoned that if amendments are generally permissible under the speedy trial rule, they should stand in the place of the original charge for all purposes including the entitlement to the 90 days provided in Rule 3.191(g). We cannot go this far. Issues concerning amendments and the speedy trial rule are separate and distinct. An order allowing an amendment does not necessarily grant the amended charge the same status in relation to the speedy trial time period as the original charge.
The issue we must now discuss is whether that trial court was correct in its action rejecting the state's motion to reinstate the misdemeanor. We hold that the court was correct, given the explicit language of Rule 3.191(h)(1), which states:
(h)(1). Discharge from Crime; Effect. Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
Accordingly, we quash the decision of the district court and remand with instructions to affirm the judgment of the trial court.
SUNDBERG, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., dissents.