ROBERT P. SMITH, Jr., Chief Judge.
Hyde’s petition for writ of prohibition urges that more than 180 days have elapsed since his arrest and that the trial court no longer has power to try him on an information charging possession of more than 20 grams of marijuana, a third degree felony. We disagree. Hyde previously was charged with the same offense by an earlier information, on which trial was prevented by Hyde’s nolo contendere plea, reserving the right to appeal an issue on which he subsequently prevailed in this Court. Hyde v. State, 405 So.2d 445 (Fla. 1st DCA 1981). The charge on which Hyde is now to be tried is the same as that previously charged and is made by a new information filed after the State’s abortive effort, properly prevented by the trial court, to proceed under an information increasing the charge to a first degree felony. Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971).
Hyde’s nolo contendere plea prevented his timely trial upon the information first filed, and his successful appeal secured to him the right to withdraw that plea and go to trial on a plea of not guilty. As Hyde was not “to be tried again,” Rule 3.191(g) is inapplicable. Cf. Weed v. State, 411 So.2d 863 (Fla.1982). None of the certain time limitations expressed in the Rule applies to Hyde’s case, and he is now to be tried within a reasonable time as determined by constitutional standards. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). He has shown no prejudice, nor any unreasonable delay, and his petition for writ of prohibition is accordingly
DENIED.
McCORD and BOOTH, JJ., concur.