# STATE OF FLORIDA v. SACHS
## Case No. 84-27257MM10
County Court, Broward County

June 12, 1985

### APPEARANCES OF COUNSEL

**Lee Jay Seidman,** Assistant State Attorney, for plaintiff.
**Fred Goldstein** for defendant.

### OPINION OF THE COURT

WILLIAM W. HERRING, County Judge.

This cause having come on to be heard on the last preceding trial date, May 20, 1985, at which time the Court heard arguments on the Defendant Sachs' motion for discharge on the sole pending charge of disorderly conduct, made under Rule 3.191(a)(1), Fla. R. Cr. P., received memoranda of law from counsel, took the matter under advisement and extended speedy trial for a period of ninety days from the above date, preserving Defendant's speedy trial rights which had already accrued, it is

ORDERED AND ADJUDGED that the Defendant, Richard Alan Sachs', motion for discharge under Rule 3.191(a)(1), Fla. R. Cr. P., is granted with prejudice as to the sole, remaining charge of disorderly conduct under this case number, 84-27257MM10, under the authority of *Weed v. State*, 411 So.2d 863 (Fla. 1982). The procedural chronology of the cases is as follows:

| | |
|---|---|
| October 9, 1984 | Defendant Sachs is arrested for lewd and lascivious conduct, proscribed by Section 800.03, Florida Statutes; |
| November 2, 1984 | Information is filed so charging Defendant, in Case No. 84-23129MM10; |
| December 19, 1984 | On this trial date the Court grants the defense motion to dismiss, ruling that the material allegations of the information fail to, as a matter of law, make out the offense attempted to be charged (at that point only an oral ruling not yet entered by reduction to writing and filing); |
| December 21, 1984 | The State files another information in Case No. 84-27257MM10, this cause, again attempting to charge lewd and lascivious conduct; |
| December 27, 1984 | The Court enters its order dismissing the information in Case No. 84-23129MM10; |
| January 4, 1985 | Defendant Sachs files a petition for writ of prohibition in the Broward County Circuit Court seeking review of either the trial court's or the prosecutor's actions, three days before the next ensuing trial date of January 7, 1985 and three days before the ninety-day speedy trial period would otherwise expire (the court file is unclear as to what Defendant sought review of, a trial court ruling, if any, and never reduced to writing, denying any renewed motion to dismiss as to the refiled information in this cause, Case No. 84-27257MM10—there is no written motion in the file directed to this information—or the |

State's decision to proceed on the refiled charging document—normally, extraordinary—writ applications are taken from court, not prosecutorial actions);

February 26, 1985 The Broward County Circuit Court denies the petition for writ of prohibition;

April 22, 1985 The State files an amended (?) information in this case, Case No. 84-27257MM10, charging for the first time, disorderly conduct as prohibited by Section 877.03, Florida Statutes (the State's intention is not altogether clear as this charging document, in its upper, right-hand corner, indicates that the amendment is as to Case No. 84-23129MM10, as to which the sole, extant charge of lewd and lascivious conduct had been dismissed by trial court order signed on December 27, 1984 and filed on January 7, 1985, an order from which the State did not take an appeal—accordingly, since January 7, 1985 there was *no* Case No. 84-23129MM10).

The Court observes that it had some difficulty reconstructing the procedural history of these two cases, as the undersigned judge did not come into this case until May 20, 1985, the last trial date at which the discharge motion was presented for ruling, and the court file is "blank" as to prior trial court proceedings between the signing of the order of dismissal in Case No. 84-23129MM10 on December 27, 1984 and the filing of the petition for writ of prohibition in the Circuit Court on January 4, 1985 as to the same case number. The "case progress" entries in that court file do not jibe with any of the court file pleadings and only reflect that on January 3, 1985 the earlier case was set for further proceedings on January 4, 1985 at which time a County Judge from another division set the case for trial on January 7, 1985. Purportedly on January 4, 1985 an amended information was filed under the former case number, although no papers in the file so indicate. In his petition for writ of prohibition, Defendant asserts that the County Judge from another division entertained an oral motion to dismiss the information in this case and verbally denied the motion with no order being entered. Lastly, and as a further confusion factor,

**57**

the face of the file jacket and a summons in the file in this case show that Defendant was to be specially arraigned on the lewd and lascivious conduct charge on January 3, 1985, yet the "case progress" entries again are silent as to whether that was in fact done.

The State contends that the Defendant Sachs' motion for discharge should be denied, in that he rendered himself "unavailable" for trial and made a "decision" amounting to a waiver of his right to be tried within ninety days of his arrest on October 9, 1984 under Rule 3.191(a)(1), by the filing of his petition for writ of prohibition in the Circuit Court on January 4, 1985, the eighty-seventh day after arrest, and before the above speedy-trial period had expired. See *State v. Jenkins*, 389 So.2d 971 at 975 (Fla. 1980); *Eire v. Kaney*, 393 So.2d 649 (5th DCA Fla. 1981); *State v. Anglin*, 333 So.2d 502 (2d DCA Fla. 1976); and *State ex rel. Simonds v. Hall*, 326 So.2d 443 (2d DCA Fla. 1976). However, the State in argument and in its memorandum of law omits any reference to or discussion of the materially significant fact that the only apparent pending charge against the Defendant Sachs is one of disorderly conduct, a charge first filed on April 22, 1985 (both the State and Defendant refer to March 25, 1985 as the filing date, an implied "stipulation" *not* supported by the court files in both case numbers—the State in its memorandum of law curiously asserts that the amendment was as to Case No. 84-23129MM10, a legal impossibility as that case was no longer pending, was legally "dead" since January 7, 1985, the date of the entry of the order granting the motion to dismiss). The lewd and lascivious conduct information in this case, Case No. 84-27257MM10, has apparently been abandoned by the State, a conclusion bolstered by the fact that both sides agree that the disorderly conduct information was purportedly an amendment to the lewd and lascivious charge; such amendment rendered the original charge a nullity; see *Wilcox v. State*, 248 So.2d 692 at 694 (4th DCA Fla. 1971); and *Alvarez v. State*, 25 So.2d 661 at 663 (Fla. 1946); that information on its face purports to be an amendment; and at some point, the original charge of lewd and lascivious conduct in this case was crossed out on the face of the file jacket (the charge was referred to there as exposure of sexual organs, as it was in the earlier, no longer pending case). That fact is not surprising as the State well knows that Defendant's alleged conduct does not, as a matter of law, constitute the offense of lewd and lascivious conduct as proscribed by Section 800.03, Florida Statutes—the order granting motion to dismiss in Case No. 84-23129MM10, signed on December 27, 1984 and filed-entered on January 7, 1985, expressly cited to *Payne v. State*, now reported at 463 So.2d 271 (2d DCA Fla. 1984) (the decision suggests, expressly, that the charge of disorderly conduct would have been appropriate).

58

The decision in *Weed*, supra at 864-865 mandates the grant of the Defendant Sachs' motion for discharge. There, the State originally charged the accused with misdemeanor possession of marijuana and hashish. Trial resulted in a mistrial via "hung" jury. The State before retrial was permitted to amend the charge to one of felony possession of marijuana. The accused moved for discharge under the Speedy Trial Rule, which motion was granted on trial court ruling that the amendment was a new and different charge founded on the same criminal episode and accordingly subject to computation of the time period uninterrupted from the date of arrest under Rule 3.191(a)(1), Fla. R. Cr. P. The court also refused to permit the State to amend to reinstate the original misdemeanor charge, in that the original charge had been abandoned by the prior amendment (the opinion refers expressly to the *Wilcox* decision). The Florida Supreme Court quashed the decision of the First District Court of Appeal holding, on reversal of the trial court, that the ninety-day time limit after mistrial governed under Rule 3.191(g), Fla. R. Cr. P., and thus subsection (a)(1) of the Rule did not apply. The Supreme Court stated:

> "We hold that Rule 3.191(g) is not applicable to an information which has been amended to increase a charge from a misdemeanor to a felony after a mistrial on the misdemeanor. . . . Obviously, this rule contemplated that the normal retrial would involve the same charge that was the subject of the proceeding which resulted in the mistrial, thereby necessitating less time for trial preparation and a shorter than normal speedy trial time period. Inherent in such a time limit reduction is a concomitant restriction on the nature of charges which can be made in the essential elements of the charge. In this regard, it is difficult to imagine a greater change than an increase in a charge from a misdemeanor to a felony . . . . (at page 865)

> . . . . . . . . . . .

> "These cases stand for a basic proposition that is central to this case, that is, the date of the original arrest is the focal point for speedy trial considerations, irrespective of changes made in charges. Only in specifically delineated circumstances can the time periods be adjusted. (at page 865)

> . . . . . . . . . . .

> "In the district court's opinion reversing this order much is made of the fact that the speedy trial rule does not prohibit amendments nor proscribe enhanced charges. While silence on this matter may be interpreted by some as license for unlimited amendments, the correct interpretation is that the rule does not grant the state total freedom

**59**

to amend charges without having an effect on speedy trial time periods. The district court reasoned that if amendments are generally permissible under the speedy trial rule, they should stand in the place of the original charge for all purposes including the entitlement to the 90 days provided in Rule 3.191(g). We cannot go this far. Issues concerning amendments and the speedy trial rule are separate and distinct. An order allowing an amendment does not necessarily grant the amended charge the same status in relation to the speedy trial time period as the original charge." (at page 865).

The Court affirmed the trial court decision for discharge. *Weed* is "on point". The Defendant Sachs' action in seeking appellate review in the Circuit Court via petition for writ of prohibition is fully analogous to the mistrial in *Weed*. Both situations are governed by Rule 3.191(g), Fla. R. Cr.P., which provides for a ninety-day time limitation for trial after trial court receipt of the mandate or the mistrial, respectively. See *State v. Jenkins*, supra at 976. Here, the State's "amendment" of the lewd and lascivious conduct charge to a charge of disorderly conduct is fully analogous to the State's amendment of the misdemeanor possession of marijuana charge to a felony possession charge. The amendment at bar occurred after what amounted to a dismissal with prejudice of the lewd and lascivious conduct charge in Case No. 84-23129MM10 and the ensuing unsuccessful attempt at appellate review by Defendant in that case; in *Weed*, the amendment occurred after mistrial. In both instances, here and in *Weed*, the State's amendment of the charge was one of material substance; ". . . it is difficult to imagine a greater change . . ." than one to a separate and distinct offense prohibited by a different Chapter of Florida Statutes. Accordingly, as in *Weed*, Rule 3.191(a)(1) governs and supersedes over Rule 3.191(g), and as to the present, sole remaining pending charge in this case, disorderly conduct, the speedy trial time period commenced to run from the date of Defendant Sachs' arrest, October 9, 1984, and expired on or about January 7, 1985. Defendant is forever discharged from further prosecution for the criminal episode which allegedly occurred on October 9, 1984, for the State's failure to bring him to trial on or before January 7, 1985.