PER CURIAM.
Petitioner seeks to prohibit her retrial on a manslaughter charge arising out of a November 1, 1981, shooting of a woman. Petitioner was found guilty of manslaughter on November 19, 1982. She appealed, and this court affirmed but certified a question pertaining to jury instructions to the supreme court. Yohn v. State, 450 So.2d 898 (Fla. 1st DCA 1984). The supreme court reversed the conviction, and remanded with instructions that the case *173 be remanded to the trial court for a new trial. Yohn v. State, 476 So.2d 123 (Fla.1985). The trial court received the appellate mandate on October 16, 1985. On March 7, 1986, petitioner moved for discharge alleging that the speedy trial period for her retrial had expired. Because the trial court ordered petitioner to be brought to trial within 10 days of the hearing on her motion to discharge, the motion was denied pursuant to Florida Rule of Criminal Procedure 3.191(i).[1] Petitioner contends that because at the time of her original arrest, Rule 3.191 did not include the remedial provision now found in subsection (i), she was entitled to the discharge. We disagree.
Petitioner is correct that the operative event for the commencement of the speedy trial times for the original trial is the date the defendant is taken into custody on the charge for which he is to be tried. Weed v. State, 411 So.2d 863 (Fla.1982); State v. Green, 473 So.2d 823 (Fla. 2nd DCA 1985). It may be therefore, that an amendment to the rule which becomes effective between the time of the arrest and the time of the original trial would not be applicable.[2] However, we are not here considering the application of a rule change between the time of the arrest and the time of the original trial. We are here considering the applicability of the speedy trial rule as it pertains to retrial after an appeal.
The speedy trial limit for retrial found in Rule 3.191(g) acts independently of the general 180 day speedy trial period for the original trial. Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981). Under Rule 3.191(g), the operative event commencing the speedy trial period for retrial after an appeal is the date the trial court receives the mandate. Since the remedial provision of subsection (i) was in effect at the time the trial court received the mandate, we find that the court properly applied it to petitioner.
For the foregoing reasons, the petition for writ of prohibition is denied.
ERVIN, WENTWORTH and JOANOS, JJ., concur.

. Fla.R.Crim.P. 3.191(1) became effective on January 1, 1985. It provides, in pertinent part as follows:
(i) Remedy for Failure to Try Defendant within the specified time.
⅛ * * * *
(3) In case of a defendant charged with a felony, the defendant may, at any time after expiration of the prescribed time period, file a motion for discharge.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and ... shall order that the defendant be brought to trial within 10 days....

. We do not make any decision on this question as the hypothetical fact situation is not now before us.