494 So.2d 255 (1986)
STATE of Florida, Appellant,
v.
Mandell C. McGee, Appellee.
No. 85-2439.
District Court of Appeal of Florida, Second District.
September 3, 1986.
Jim Smith, Atty. Gen., Tallahassee and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellee.
RYDER, Acting Chief Judge.
The state appeals a circuit court's decision to dismiss an information for lack of jurisdiction because it charged defendant with possession of cannabis with intent to sell but did not specify an amount of twenty grams or more, thus was only a misdemeanor. We reverse.
The trial court relied on Franklin v. State, 346 So.2d 137 (Fla. 1st DCA 1977), which blended together sections 893.13(1)(a), 893.03(1)(c), and 893.13(1)(f) of the Florida Statutes (1975), to determine that one who possesses cannabis with intent to sell less than the threshold amount [in 1977, five grams, now twenty grams] is guilty only of a first degree misdemeanor, not a felony. The Franklin court did not discuss the meaning of the words "intent to sell."
The Franklin court apparently equated mere "possession" with "possession with intent to sell." This court cannot simply ignore the words "intent to sell." To do so would unjustifiably abridge the statutes *256 and usurp the power of the legislature to define what is or is not a crime.
The mere possession of a "controlled substance" is a crime. § 893.13(1)(e), Fla. Stat. (1985). Cannabis is a controlled substance. § 893.03(1)(c)3, Fla. Stat. (1985). One who possesses 20 grams or more is guilty of a third degree felony. § 893.13(1)(e), Fla. Stat. (1985). Possession of "not more than 20 grams" is a first degree misdemeanor. § 893.13(1)(f), Fla. Stat. (1985). On the other hand, possession with intent to sell cannabis is a third degree felony. §§ 893.13(1)(a); 893.03(1)(c)3, and 893.13(1)(a)2 Fla. Stat. (1985).
The mere possession of cannabis is different from possession with intent to sell. One who engages in criminal conduct, even with himself as a victim, can be censured by society. The legislature has the responsibility to define criminal conduct and the power to select a punishment to fit one's degree of culpability. Thus, the legislature has separated the levels of criminality based on the amount of the drug one possesses.
Possession with intent to sell a controlled substance is, by its own terms, a different matter. One who attempts to propagate evil by inducing others to indulge in it is logically guilty of a higher measure of blameworthiness. One who possesses cannabis with intent to sell it is more culpable than one who merely possesses it. The legislature has determined that it does not matter what amount one possesses with intent to sell in order for the act to be deemed a felony. Clearly, this is the province of the legislature to decide and should not be trifled with by the courts of this state.
We hold that it is a violation of section 893.13(1)(a)2 of the Florida Statutes to "possess with intent to sell" any amount of cannabis, and such a violation is a third degree felony. Therefore, we reverse the trial court's dismissal of the information and remand this case with directions for the trial court to reinstate the information.
Because of our conflict with our sister court we certify this question to the Supreme Court:
WHETHER THE POSSESSION WITH INTENT TO SELL ANY AMOUNT OF CANNABIS IS A THIRD DEGREE FELONY UNDER THE LAWS OF THIS STATE?
Reversed and remanded with directions.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., Concur.