SCHOONOVER, Judge.
The state appeals a trial court order dismissing an information filed against the defendant, Tyrone E. McDaniel, on the ground that the court lacked subject matter jurisdiction. We reverse.
The state filed a two count information charging the defendant with possession of cannabis with intent to sell in violation of section 893.13(1)(a)2, Florida Statutes (1985) and with possession of cannabis in violation of section 893.13(1)(f), Florida Statutes (1985). Neither count of the information specified the amount of cannabis involved and did not specifically mention consideration. The defendant, relying on State v. Johnson, 354 So.2d 902 (Fla. 1st DCA 1978), and Franklin v. State, 346 So.2d 137 (Fla. 1st DCA 1977), filed a motion to dismiss the information on the ground that the trial court lacked subject matter jurisdiction because the information did not allege a felony. Although the trial judge disagreed with the holdings in Johnson and Franklin, he felt that he was bound by them and, accordingly, granted the motion to dismiss. This timely appeal followed.
*372 The state concedes that since the possession of cannabis charge did not specify the amount of cannabis the defendant was alleged to have possessed, it did not charge a felony. The state contends, however, that the possession of cannabis with intent to sell charge does allege a felony. We agree. Since the trial court entered its order in this case, this court held in State v. McGee, 494 So.2d 255 (Fla. 2d DCA 1986), that it is a violation of section 893.13(1)(a)2 to possess with intent to sell any amount of cannabis and that such a violation is a third degree felony. The circuit court, therefore, has jurisdiction to consider the possession with intent to sell charge and pursuant to section 26.012(2)(d), Florida Statutes (1985) also has jurisdiction to consider the misdemeanor charge contained in the same information. We recognize, as we did in McGee, that our holding is in conflict with Franklin.
We, therefore, reverse the trial court’s order dismissing the information and remand with directions to reinstate the information.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.