505 So.2d 616 (1987)
C.P., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2765.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
C.P. was adjudicated delinquent based on separate findings of possessing, § 893.13(1)(e), Fla. Stat. (1985), and possessing with intent to sell, § 893.13(1)(a), Fla. Stat. (1985), the same quantity of less than 20 grams of cannabis.
Under double jeopardy principles, both convictions cannot stand and the adjudication of the lesser offense of simple possession is therefore vacated. Murray v. State, 464 So.2d 622 (Fla. 2d DCA 1985); Rodriguez v. State, 395 So.2d 555 (Fla. 2d DCA 1981); see Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 417 (Fla. 1984).
We agree with the trial court that the remaining charge of possession with intent to sell is a third degree felony rather than a first degree misdemeanor. In reaching this conclusion, we follow State v. McGee, 494 So.2d 255 (Fla. 2d DCA 1986) and State v. McDaniel, (Fla. 2d DCA Case no. 86-1355, opinion filed, February 25, 1987) [12 FLW 658], rather than the directly contrary decision of Franklin v. State, 346 So.2d 137 (Fla. *617 1st DCA 1977), with which we acknowledge a direct conflict.
Affirmed in part, reversed in part.