OVERTON, Justice.
This is a petition to review State v. McGee, 494 So.2d 255 (Fla. 2d DCA 1986), which held that possession with intent to sell any amount of cannabis violates section 893.13(l)(a)2, Florida Statutes (1985), and is a third-degree felony. The district court acknowledged conflict with Franklin v. State, 346 So.2d 137 (Fla. 1st DCA 1977), and certified the following question:
Whether the possession with intent to sell any amount of cannabis is a third degree felony under the laws of this state?
Id. at 256. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question . in the affirmative and approve the district court decision.
The relevant facts reflect that the petitioner, Mandell C. McGee, was charged with possession of cannabis with intent to sell, contrary to section 893.13(l)(a)2, Florida Statutes (1985). The petitioner moved to dismiss the information, contending it charged a misdemeanor by not alleging over twenty grams of cannabis and, therefore, the circuit court lacked jurisdiction. The circuit court granted the motion to dismiss, relying on Franklin v. State, 346 So.2d 137 (Fla. 1st DCA 1977). In Franklin, the defendant was charged with possession with intent to sell cannabis. He was adjudicated guilty of the offense and sentenced to three years’ imprisonment. On appeal, the First District Court of Appeal construed section 893.13(l)(f) to require an information to specifically charge possession of more than five grams of cannabis (the statute has since been amended to twenty grams) for the offense to be a felony. The court concluded that Franklin was only charged with a misdemeanor and should be sentenced accordingly.
In the instant case, the district court disagreed with the interpretation of the statute found in Franklin. It explained:
The Franklin court apparently equated mere “possession” with “possession with intent to sell.” This court cannot simply ignore the words “intent to sell.” To do so would unjustifiably abridge the statutes and usurp the power of the legislature to define what is or is not a crime.
The mere possession of a “controlled substance” is a crime. § 893.13(l)(e), Fla.Stat. (1985). Cannabis is a controlled substance. § 893.03(l)(c)3, Fla.Stat. (1985). One who possesses 20 grams or more is guilty of a third degree felony. § 893.13(l)(e), Fla.Stat. (1985). Possession of “not more than 20 grams” is a first degree misdemeanor. § 893.-13(l)(e), Fla.Stat. (1985). Possession of “not more than 20 grams” is a first degree misdemeanor. § 893.13(l)(f), Fla. Stat. (1985). On the other hand, possession with intent to sell cannabis is a third degree felony. §§ 893.13(l)(a); 893.-03(l)(c)3, and 893.13(l)(a)2, Fla.Stat. (1985).
The mere possession of cannabis is different from possession with intent to sell.
494 So.2d at 255-56.
We agree with the district court’s explanation and fully approve its decision in the *1104 instant case. We find the legislature clearly intended to fix a higher penalty for individuals who intend to sell illegal drugs than for those who merely possess the drugs without intent to sell, manufacture, or deliver them. We also note several district court of appeal opinions which have resolved this issue in accordance with McGee.*
Accordingly, we disapprove the First District Court’s decision in Franklin and approve the Second District Court’s decision in the instant case.
It is so ordered.
McDonald, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 C.P. v. State, 505 So.2d 616 (Fla. 3d DCA 1987); State v. McDaniel, 508 So.2d 371 (Fla. 2d DCA 1987).