UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfonso MAYS, Defendant-Appellant.

No. 83–3472.

United States Court of Appeals,
Eleventh Circuit.

Aug. 13, 1984.

H. Jay Stevens, Federal Public Defender, Orlando, Fla., for defendant-appellant.

Paul J. Moriarty, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by

Before HENDERSON and CLARK, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

The sole issue on this appeal is whether a threat by a prosecutor to increase the charges against a defendant who refuses to plead guilty following a mistrial on an original indictment constitutes prosecutorial vindictiveness.

The facts are undisputed. Initially, a grand jury in the District Court for the Middle District of Florida returned a one count indictment accusing the appellant, Alfonso Mays, of aiding and abetting another to utter a fraudulently endorsed United States Treasury check. After a trial for that offense, the jury was unable to reach a verdict, and the trial judge declared a mistrial at the instance of the defendant.

After the grant of the mistrial, the assistant United States Attorney advised the defendant's attorney that the government would seek a superseding indictment containing additional counts if Mays did not enter a plea of guilty to the initial uttering count. Mays refused to plead guilty. The government then obtained a superseding indictment alleging three criminal violations. Count Two realleged the initial uttering offense. Count One accused Mays of forgery of the payee's name on the check and Count Three charged Mays with theft of the check.

Prior to the trial on the superseding indictment, Mays moved to dismiss Counts One and Three on the ground of prosecutorial vindictiveness. The district court conducted a hearing on the motion at which the government and the defendant stipulated to the communications which had transpired after the mistrial. The government

designation.

presented no evidence of the prosecutor's reasons for bringing the additional charges. It simply stated that the additional counts grew out of the same transaction as the original offense. Mays claimed that this conduct amounted to prosecutorial vindictiveness. The district court held that the defendant failed to establish such vindictiveness and denied the motion to dismiss.

At the trial of the superseding indictment, the jury found the defendant guilty of Count One—forgery of the payee's name. At the close of the government's case-in-chief, the district court granted the defendant's motion for judgment of acquittal as to Counts Two and Three, concluding that the evidence was insufficient to convict on Count Two (the charge in the original indictment) and that Count Three failed to state an offense under the relevant code section.

Before us, Mays urges that prosecutorial vindictiveness was apparent from circumstances surrounding the return of the superseding indictment and seeks a reversal of his conviction. The government, on the other hand, contends that no presumption of prosecutorial vindictiveness arises from this sequence of events and that there is no actual evidence of vindictiveness shown by Mays.

The Supreme Court has addressed the issue of prosecutorial vindictiveness in the past, although it has never been confronted with this precise fact situation. Two decisions of the Court deal particularly with vindictiveness as it applies to the enhancement of penalties and charges after an appeal.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court invalidated an increased sentence imposed after a retrial following a successful appeal, holding that the enhanced sentence gave rise to a presumption of vindictiveness. The Court was concerned that such a sentencing practice might unconstitutionally deter a defendant's due process right to appeal. It held that the trial court could avoid the presumption of a retaliatory motive by affirmatively stating in the record objective, identifiable conduct which occurred after the original sentence and justified the enhanced penalty.

The reasoning of *Pearce* was emphasized in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), where the prosecutor converted a misdemeanor charge to one for a felony after a convicted defendant obtained a trial de novo under the appellate procedure available to him. The court decided that this conduct raised a presumption of vindictiveness that could only be rebutted by proof that the felony charge could not have been brought at the outset.

It is clear from these cases that the exercise of constitutional rights in seeking further review following a conviction cannot be abridged by the prosecution. In a pre-trial, setting, as opposed to appellate situations, however, the Court has viewed prosecutorial actions resulting in the enhancement of charges with less alarm.

In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Court found that a prosecutor's threatening, and later obtaining, added charges when the defendant refused to plead guilty did not evoke a presumption of vindictiveness, observing that the conduct occurred before trial and during plea bargain talks.

Similarly, in *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the Court held that no presumption of vindictiveness arose when a United States Attorney, before trial, obtained a felony indictment following the defendant's refusal to plead guilty to a misdemeanor charge. The Court relied on a passage from *Blackledge, supra,* in requiring the defendant to prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for pursuing his appellate rights:

> [T]he Due Process Clause is not offended by all possibilities of increased punishment ... but only by those that impose a realistic likelihood of "vindictiveness."

417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 628.

The *Goodwin* court was reluctant to invoke a presumption of vindictiveness in the pre-trial context, inasmuch as it might inflexibly fetter the prosecutor's discretion. The Court recognized that acquisition of additional information or an increased appreciation of the facts previously available to the state might be an inducement to enhance the charges. 457 U.S. at 381, 102 S.Ct. at 2493, 73 L.Ed.2d at 85. The *Goodwin* decision reaffirmed the prosecutorial discretion recognized in *Bordenkircher, supra,* and functioned to remove the affirmative defense of vindictive prosecution in "pre-trial skirmishes between defense counsel and prosecution." *United States v. Mauricio,* 685 F.2d 143, 147 (5th Cir.), *cert. denied,* 459 U.S. 1074, 103 S.Ct. 498, 74 L.Ed.2d 638 (1982).

The case here does not fit neatly into either the post-conviction or pre-trial categories because the alleged intimidation occurred after a mistrial. We must thus look to the foundation of the prosecutorial discretion doctrine to determine its applicability here.

The prosecutorial vindictiveness decisions have all been rooted in a relatively simple proposition: one may not be punished for the exercise of a *protected* right. *See United States v. Ruppel,* 724 F.2d 507, 508 (5th Cir.1984). The post-trial cases in which the vindictiveness presumption was found to have arisen focused upon the fact that the defendants had suffered enhanced sentences merely because they had successfully identified error in the original proceedings against them. Conversely, pre-trial cases finding no error concentrated on the fact that the government's decision had not been made in response to the invocation of a constitutional safeguard.

■ The declaration of the mistrial after the first trial did not result from Mays' assertion of a protected right, but came about because the jury was simply unable to reach a verdict. It is true that the mistrial was granted at Mays' behest, but a motion for mistrial because the jury is unable to agree cannot be said to engender a "punitive" or "vindictive" response. The mistrial follows as a matter of course from the jury's inability to agree upon a verdict. It does not result from an attack upon a conviction. Mays did not pursue any right such as would instigate retaliatory action on the part of the prosecution. Thus, the additional charges cannot be characterized as having arisen from any exercise of a protected right. For this reason, we do not believe there is a presumption of vindictiveness under these circumstances.

Mays argues that even in the absence of a presumption of vindictiveness, actual vindictiveness is apparent from the record. He claims that any leeway given the prosecutor in the give-and-take of plea bargaining was a "thing of the past" once the initial trial had commenced, because at that point it was manifest that he did not have any reason to avoid a trial. He also points out that his position ultimately was exonerated when the trial court granted a judgment of acquittal at the second trial on the count for which he was tried the first time. He contends that the prosecutor's threat and ultimate institution of increased charges was a specific attempt to force him to forego his right to a jury trial.

We cannot agree with this reasoning. Apparently, the mistrial moved the government to reassess the manner of presenting the evidence supporting Mays' involvement in the underlying transaction. This reassessment led to the possibility that new charges might be brought against Mays. Such new charges may well have prompted Mays to revaluate his own position, and they thereby resurrected the feasibility of plea negotiations. This was not a situation where the negotiations were merely duplicative of prior endeavors. Instead, with new charges, a new attempt at bargaining was understandably appropriate.[1]

---

1. The judgment of acquittal on the charge contained in the original indictment is essentially irrelevant to our inquiry here. It is obvious from the fact that this count was first tried that the government had a good faith belief that

The judgment of conviction is
AFFIRMED.

there was a reasonable likelihood that a convic-    tion could be obtained at the second trial.