PER CURIAM.
Pursuant to subsection 921.001(4)(b), Florida Statutes (1983), the Sentencing Guidelines Commission has submitted proposed changes in the sentencing guidelines which require amendment of criminal rules of procedure 3.701 and 3.988. After studying these recommendations, we approve the changes.* We draw attention to the increased penalty for burglary. This will have a fiscal impact on the state penal system, the extent of which this Court is unaware. We consider these current changes severable from one another, however, and we recognize the legislature’s power to accept or reject them in part or in whole. As with our previous adoptions of sentencing guidelines, In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983), and The Florida Bar: Amendment to Rules of Criminal Procedure (Sentencing Guidelines), 451 So.2d 824 (Fla.1984), the Committee Notes adopted herein are part of these rules. Subject to the legislature’s approval, these changes will be effective at 12:01 a.m., July 1, 1985.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.

 The essential changes and reasons therefor are:
a) Add section 327.351, Florida Statutes (Supp.1984), to Category 1: Murder, Manslaughter. The legislature has provided that, upon conviction, any person who operates any vessel on the waters of this state while intoxicated, resulting in the death of any human being, shall be guilty of manslaughter and punished as provided by the existing law relating to manslaughter.
b) Rule 3.701(d)(5)(a) is revised by the elimination of the words “disposed of." These words are not susceptible of definition within the context of the rule and have generated confusion. The elimination of this wording does not alter the intent of this section.
c) Rule 3.701(d)(5)(b) and (d)(5)(c) are revised by the substitution of the wording "primary offense” for the wording "instant offense.” This change will conform to changes to the prior record section of the rule and is susceptible of definition under the rule.
d) Rule 3.701(d)(6) is revised by the substitution of the word “escapees” for the word “escapes” as it appears in the present text of the rule. The inclusion of the word “escapes” was a typographical error.
e) The Committee Note to rule 3.701(d)(7) is revised to include language to clarify that victim injury is to be scored for each victim and each occurrence in excess of one where the same victim is involved. The present text of the rule has caused confusion.
f) Rule 3.701(d)(3) is revised to define primary offense as that offense at conviction which, when scored on the guidelines score-sheet, recommends the most severe sanction. The definition appearing in the present text of the rule has generated confusion.
g) The comment to rule 3.701(d)(5), original guidelines manual, is included as rule 3.701(d)(15). Inclusion of this wording will limit the scoring of prior convictions under the same category, prior conviction multiplier in categories 3, 5, and 6 to felony convictions.
h) The Committee Note to rule 3.701(d)(10) is revised to clarify the relation of both types of enhancement statute, i.e., reclassification and habitual offender, to the sentencing guidelines. The present text of the note speaks only to reclassification and has generated confusion.
i) The scoring of the offense of escape is moved from category 9 to category 8. In addition section 944.40, Florida Statutes (1971), is added to category 8 under Appendix B of the guidelines manual and to rule 3.701(c).
j) The primary offense points for a second-degree felony in category 5 are increased from their present values of 30, 36, 39, and 42 to 40, 48, 52, and 56 and the multiplier value of prior category 5 convictions is increased from 5 to 40.