HERSEY, Chief Judge.
Leon Cecil Wilkins was charged by Information with attempted robbery and battery. The trial on those charges resulted in a deadlocked jury. The trial court declared a mistrial. Subsequently, the state amended the Information by raising the charge of robbery to robbery with a deadly weapon and similarly enhancing the battery charge. The trial court granted appel-lee’s motion to dismiss the amended Information, holding that “the state presented no justifiable grounds for enhancing the charges in the amended information.”
The issue is whether the state, after a mistrial, has the initial burden of demonstrating that amending the charges to enhance them and thus the potential penalties, is not the result of prosecutorial vindictiveness.
Under ordinary circumstances the state may amend an Information without leave of court. State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981). Appellee suggests, however, relying on federal cases including Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), that in order to do so after a mistrial the state must show a justifiable basis for enhancing charges.
In State v. Weed, 373 So.2d 42 (Fla. 1st DCA 1979), reversed on other grounds, 411 So.2d 863 (Fla.1982), defendants were charged by Information with misdemeanor possession of marijuana. The trial resulted in a mistrial after the jury became deadlocked. The state then moved to amend the information to include felony possession of 5 grams of marijuana. The stated reason was clerical error in failing to specify the amount. The first district quoted with approval the language of the trial court allowing the amendment:
“The defendants argue that the State may not amend the information in this case. The Court disagrees. The Court has carefully read the authority cited by the defendants including the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and U.S. v. Jamison, 505 F.2d 407 (D.C.Cir.1974). Although these decisions require restrictions on increased charges after mistrials, this does not mean that a higher charge can never be brought; rather, the prosecutor must justify his harsher treatment of the defendants in a way which negates the possibility of vindictiveness. The prosecutor in this case, has set forth his reasons for such increase as well as its factual basis which negate the possibility of the vindictiveness in this case....”
373 So.2d at 44 (emphasis supplied). Although not stated specifically, the effect of this language is to raise a presumption of vindictiveness which the state must dispel by justification of the increased charges. The Florida Supreme Court, in Weed v. State, 411 So.2d 863, 865 (Fla.1982), approved the trial court’s analysis of applicable precedent, noting that the state had “justified the harsher treatment in a way which negated the possibility of vindictiveness.” (The supreme court reversed the first district’s final decision, however, which rested on misapplication of the speedy trial rule.)
Subsequent to Weed the Eleventh Circuit Court of Appeals further refined the rule dealing with the amendment by enhancement of charges after a mistrial resulting from a deadlocked jury. Under such circumstances there is no longer a presumption of vindictiveness and absent a showing of prosecutorial vindictiveness an indictment may be amended to enhance charges. United States v. Corona, 804 F.2d 1568, n. *1201 1 (11th Cir.1986), rehearing denied, 812 F.2d 1415 (11th Cir.1987), cert. denied, — U.S. -, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987); United States v. Mays, 738 F.2d 1188 (11th Cir.1984).
In United States v. Corona, the eleventh circuit explained:
Changes in the substance of the indictment ... should not be foisted upon a defendant after trial begins. However, this rationale does not apply in the current context. After a mistrial because the jury hung or for any other such reason, the defendant would have ample time to prepare for his defense under a superseding indictment. Therefore, even though jeopardy has attached to the defendant, the practical effect of a superseding indictment after a hung jury is no different from one returned with ample time before a trial on the merits.
804 F.2d at 1570.
In United States v. Mays, although the prosecutor advanced no evidence as to the reasons behind the additional charges, the court found that no presumption of vindictiveness arose. In Mays, as in the present case, the indictment was amended following a mistrial resulting from a hung jury. The Mays court stated:
The declaration of the mistrial after the first trial did not result from Mays’ assertion of a protected right, but came about because the jury was simply unable to reach a verdict. It is true that the mistrial was granted at Mays’ behest, but a motion for mistrial because the jury is unable to agree cannot be said to engender a “punitive” or “vindictive” response. The mistrial follows as a matter of course from the jury’s inability to agree upon a verdict. It does not result from an attack upon a conviction. Mays did not pursue any right such as would instigate retaliatory action on the part of the prosecution. Thus, the additional charges cannot be characterized as having arisen from any exercise of a protected right. For this reason, we do not believe there is a presumption of vindictiveness under these circumstances.
738 F.2d at 1190. Mays would thus distinguish both Blackledge v. Perry and North Carolina v. Pearce, based on the absence of a protected right. Both Blackledge and Pearce had required some showing by the prosecutor to justify the enhanced charges and negate the possibility of vindictiveness.
Mays represents the modern, enlightened view on the issue of prosecutorial vindictiveness under circumstances such as are present in the instant case. While we are confident the Supreme Court of Florida would follow the lead of the eleventh circuit, we are nonetheless restrained from applying the Mays analysis here, by the supreme court’s version of Weed which adopts, albeit in dicta, the earlier view.
Thus constrained by Weed, we affirm the order of the trial court (who labored under the same constraints as this court), but certify to the supreme court the following as a question of exceptional importance:
WHETHER A PRESUMPTION OF PROSECUTORIAL VINDICTIVENESS ARISES WHEN THE STATE AMENDS AN INFORMATION BY ENHANCING CHARGES AFTER A MISTRIAL RESULTING FROM A DEADLOCKED JURY OR OTHER CIRCUMSTANCE NOT INVOLVING THE ASSERTION BY THE ACCUSED OF A PROTECTED RIGHT.
AFFIRMED AND QUESTION CERTIFIED.
ANSTEAD and DELL, JJ., concur.