McDONALD, Justice.
The district court in this case, State v. Wilkins, 528 So.2d 1199 (Fla. 4th DCA 1988), certified the following as a question of great public importance:
WHETHER A PRESUMPTION OF PROSECUTORIAL VINDICTIVENESS ARISES WHEN THE STATE AMENDS AN INFORMATION BY ENHANCING CHARGES AFTER A MISTRIAL RESULTING FROM A DEADLOCKED JURY OR OTHER CIRCUMSTANCE NOT INVOLVING THE ASSERTION BY THE ACCUSED OF A PROTECTED RIGHT.
Id. at 1201. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
The state charged Wilkins by information with attempted robbery and battery. The trial ended with a deadlocked jury, and the court declared a mistrial. The state subsequently amended the information by raising the charge of robbery to robbery with a deadly weapon and by similarly enhancing the battery charge. The trial court granted Wilkins’ motion to dismiss the amended information on the ground that the state presented no justifiable basis for enhancing the charges in the information. The district court affirmed the trial court’s order based upon our decision in Weed v. State, 411 So.2d 863 (Fla.1982), but certified the above-stated question.
Wilkins relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), for the proposition that an in *706 creased sentence imposed after appeal gives rise to a presumption of vindictiveness. He argues that this presumption can be extended logically to the case where charges are enhanced following a mistrial. Despite our earlier pronouncement in Weed, we do not agree.
The specific question is whether a mistrial caused by a deadlocked jury is considered sufficient to arouse vindictiveness in the prosecutor’s heart. The United States Supreme Court stated in Blackledge that “the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of ‘vindictiveness.’ ” 417 U.S. at 27, 94 S.Ct. at 2102. If any case lacks a reasonable likelihood of vindictiveness, it is this one. A mistrial occurs as a matter of course from a jury deadlock. Once it is determined that the jury cannot reach a verdict, a mistrial automatically follows.
In Blackledge the prosecutor increased the charge after the defendant filed a notice of appeal. The Court held it impermissible for the state to respond to the defendant’s invocation of his right to appeal by bringing a more serious charge against him. 417 U.S. at 28, 29, 94 S.Ct. at 2102, 2103. The right to appeal is a fundamental right. An appeal does not occur automatically, however, but must be actively pursued. It is therefore more likely to elicit a vindictive response from the prosecutor than is a retrial caused solely by a hung jury.
Wilkins claims that the state’s motivation for increasing the charge after deadlock was to extract a plea from him. While this may be true, it does not affect our decision. The rationale for the Blackledge and Pearce holdings is that the fear of vindictiveness may unconstitutionally deter a defendant’s exercise of a fundamental right. Pearce, 395 U.S. at 725, 89 S.Ct. at 2080. Because a mistrial follows as a matter of course from a jury deadlock, the state’s enhancement of the charges did not preclude the assertion of any fundamental right in spite of its possible motivation. This case is, therefore, no different from pretrial amendment where the state can alter the charges at will. See United States v. Corona, 804 F.2d 1568 (11th Cir.1986), cert. denied, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987).
In Weed the state moved to increase the charges after a jury deadlock and mistrial. The decisive issue there was application of the speedy trial rule and not prosecutorial vindictiveness. However, this Court stated that the trial court properly allowed the amendment because the state “justified the harsher treatment in a way which negated the possibility of vindictiveness.” 411 So. 2d at 865. The obvious implication is that the state has the burden of proving an absence of prosecutorial vindictiveness when it increases the charges after a mistrial. We recede from this implication and decline to place this burden on the state where the mistrial is caused by jury deadlock.
We hereby answer the certified question in the negative, quash the decision of the Fourth District Court of Appeal, and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
KOGAN, J., dissents.