538 So.2d 509 (1989)
Thomas Wayne SLAUGHTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-262.
District Court of Appeal of Florida, First District.
February 1, 1989.
*510 Michael E. Allen, Public Defender, Maria Ines Suber, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. Pooser, IV, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant was convicted, pursuant to trial by jury, of the following seven crimes upon his 14-year-old daughter:
Counts II, III and IV  sexual battery by force not likely to cause serious personal injury (Section 794.011(5), Florida Statutes (1985)).
Counts V and VI  engaging in sexual activity with child 12 to 18 years old by person in familial or custodial authority (Section 794.041(2)(b), Florida Statutes (1985)).
Count VII  aggravated battery with deadly weapon (knife) (Section 784.045(1)(b), Florida Statutes (1985)).
Count VIII  incest (Section 826.04, Florida Statutes (1985)).
Appellant asserts error by the trial court in denying his motion to dismiss Counts III, IV, VI, VII and VIII. The charges contained in these counts were either added or upgraded from the original charges after a mistrial was declared at the first trial when the jury became deadlocked. Appellant claims that the state failed to establish that prosecutorial vindictiveness was not involved in the filing of such additional or enhanced charges. The state argues that the doctrine of prosecutorial vindictiveness announced in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), should not apply to a situation such as this where the charging document is amended after a mistrial precipitated by a hung jury. The Florida Supreme Court has recently resolved this very issue in favor of the state's position in State v. Wilkins, 534 So.2d 705 (Fla. 1988). We therefore affirm on this issue.
On the Williams Rule[1] issue, we affirm on the authority of Heuring v. State, 513 So.2d 122 (Fla. 1987).
Appellant next claims that the trial court erred in imposing multiple punishments for the commission of crimes which were grounded upon only one act. He asserts that as a result of one act, he was convicted and sentenced for (1) sexual battery per vaginal intercourse (Count II); (2) sexual activity per vaginal intercourse by person in familial authority (Count V); and (3) incest[2] (Count VIII). Likewise, he asserts that as a result of another single act, he *511 was convicted and sentenced for (1) sexual battery per oral penetration by defendant's penis (Count IV); and (2) sexual activity per oral penetration by defendant's penis by person in familial authority (Count VI). Appellant claims that such multiple punishments for single acts is contrary to the Florida Supreme Court's holding in Carawan v. State, 515 So.2d 161 (Fla. 1987).[3]
First of all, it is important to note that the victim testified that, during the subject sexual episode which occurred in August, 1985, the appellant committed two discrete acts of vaginal intercourse upon his daughter. Carawan is therefore no impediment to separate convictions and sentences for each of those attacks as charged in Counts II and V.[4] This does not, however, determine the issue as to the incest count which we discuss later in this opinion.
We now turn to a Carawan analysis of Counts IV (oral sexual battery) and VI (oral sexual activity by person in familial authority) inasmuch as the subject statutes  and the laws enacting them  do not contain any express statement of intent. We therefore apply the Blockburger[5] test as the starting point for determining legislative intent, a test which asks whether each crime has an element which the other does not, without regard to the accusatory pleadings or the proof adduced at trial. Blockburger, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; Carawan, 515 So.2d at 167. It is quite clear that such test is satisfied, for the crime of sexual battery under Section 794.011(5) requires the use of physical force and violence which is not an element of the crime of engaging in sexual activity by a person in familial authority under Section 794.041(2)(b); and the latter crime requires as an element that the offender be in familial authority over the victim, which is not a requirement of Section 794.011(5).
The presumption therefore arises that multiple punishments are permissible. As stated in Carawan:
[I]f each offense indeed requires proof of a fact that the other does not, the court then must find that the offenses in question are separate, and multiple punishments are presumed to be authorized in the absence of a contrary legislative intent or any reasonable basis for concluding that a contrary intent existed.

On the other hand, where there is a basis for concluding that the legislature intended a result contrary to that achieved by the Blockburger test, a conflict arises that requires resort to the third rule of construction applicable to this problem, the rule of lenity. (emphasis in original)
515 So.2d at 168. We are of the view that the rule of lenity does not come into play because we can find no basis for a legislative intent contrary to the Blockburger presumption that multiple punishments are permissible.
Under the Carawan analysis, the determination of whether there is any reasonable basis for concluding that there exists an intent contrary to the Blockburger presumption seems to turn heavily on whether the two offenses address essentially the same evil. 515 So.2d at 168.
The evil which is addressed in Section 794.011(5) as well as throughout the other portions of Section 794.011 is the nonconsensual or forcible nature of the proscribed sexual acts, at least with respect to victims over 12 years of age. On the other hand, although the term "sexual activity" under Section 794.041 is defined the same as the *512 term "sexual battery" under 794.011, Section 794.041 seems not to be concerned at all with the forcible nature of the sexual acts but rather seeks to isolate for special sanction those who commit sexual acts upon persons over whom the offender stands in a position of familial or custodial authority. One might assert that this observation is no more than a restatement of the Blockburger analysis. That may be so, but what such analysis does, at least in this instance, is to reveal, through close examination of the elements of the two crimes, the separate evils which the legislature apparently sought to address in the two statutes.
Further, prior to 1984, the following subsection appeared in Section 794.011:
(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, under any of the following circumstances shall be guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084:
* * * * * *
(e) When the victim is older than 11 but less than 18 years of age and the offender is in a position of familial, custodial, or official authority over the victim and uses this authority to coerce the victim to submit.
This subsection, which, significantly, included the element of coercion, was repealed by Chapter 84-86, Laws of Florida. In the same legislative act, the legislature created Section 794.041[6] as a distinct section, separate and apart from Section 794.011, and, as previously noted herein, contains no requirement of coercion or violence. This seems to us to bolster the validity in the instant case of the Blockburger presumption as opposed to a contrary intent.
Moreover, we are unable to discern any injustice in allowing both sections to be fully enforced. Indeed, were we to allow the enforcement of only one of these sections, the separate and distinct societal interests underpinning the other section would not be vindicated. Indeed, the defendant would enjoy a windfall.
We next address the question of whether the defendant's conviction and sentence for the crime of incest can stand together with the Count VI conviction and sentence for engaging in sexual activity by one in familial authority under Section 794.041. Section 826.04 provides:
826.04 Incest.  Whoever knowingly marries or has sexual intercourse with a person to whom he is related by lineal consanguinity, or a brother, sister, uncle, aunt, nephew, or niece, commits incest, which constitutes a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. "Sexual intercourse" is the penetration of the female sex organ by the male sex organ, however slight; emission of semen is not required.
Comparison of the crimes under Sections 826.04 and 794.041(2)(b) clearly show that each offense requires proof of a fact that the other does not, and thus the Blockburger presumption applies. Moreover, we do not believe that there is a reasonable basis for concluding that an intent contrary to such presumption exists.
The two statutes do not manifestly address the same evil. Whereas Section 794.041 appears to be directed at the protection of a particular victim, the incest statute, which is located in a different chapter, addresses a separate evil, i.e. the violation of generally accepted societal standards involving marriage and sexual intercourse between persons related within the specified degrees. Society's interests in prohibiting incest include the prevention of pregnancies which may involve a high risk of abnormal or defective offspring. Section 794.041, on the other hand, is more concerned with vindicating the rights of children to be free from being sexually exploited by one in familial or custodial authority over such child.
Appellant also attacks his sentences on the ground that victim injury was improperly *513 scored. At the time of the commission of the subject crimes in August, 1985, Fla.R.Cr.P. 3.701(d)(7) provided:
(7) Victim injury shall be scored if it is an element of any offenses at conviction.[7]
The committee note to (d)(7) provided:
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
On April 11, 1985, the Supreme Court adopted, subject to legislative approval, certain amendments to the sentencing guidelines rule. The Florida Bar: Amendment To Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). Although no change was made in the (d)(7) rule, the opinion recommended the addition of the following language to the existing committee note to (d)(7):
Victim injury shall be scored additionally for each count where victim injury is an element of each offense at conviction in excess of one count as to each victim.
In a footnote in the opinion, the Court explained the above addition:
The Committee Note to Rule 3.701(d)(7) is revised to include language to clarify that victim injury is to be scored for each victim and each occurrence in excess of one where the same victim is involved. The present text of the rule has caused confusion.
468 So.2d at 221.
The amendments proposed in the Court's April 11, 1985 opinion were apparently not legislatively approved. However, subsequently, in its December 19, 1985 opinion in The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines 3.701, 3.988), 482 So.2d 311 (Fla. 1985), the Court, among other things, again adopted the above quoted additional language to the (d)(7) committee note. This time, the changes were approved by the legislature in Chapter 86-273, Laws of Florida. See Section 921.0015, Florida Statutes (1986 Supp.).
The appellant claims that since such amendment was made subsequent to the date of the offenses, application of the amended language to him would be a proscribed ex post facto application. We disagree.
As indicated in the above quoted footnote to the Supreme Court's April 11, 1985 opinion, the change in the committee note was merely a clarification of the intent of Rule (d)(7). We therefore reject the appellant's claim that the trial court erroneously scored victim injury.[8]
Appellant also claims that the trial court erred in upwardly departing from the guidelines sentence. We find that we do not need to reach this issue for the reason that the court was erroneously using an improper scoresheet which scored substantially fewer points than should have been scored, and the correct score would have supported the sentence imposed without departure. As pointed out early in this opinion, appellant moved to dismiss several counts which were added after the first case ended in a mistrial because of a hung jury. Although the trial court denied the motion  and, as we have held, properly so,  the court announced that at sentencing he would use a guidelines scoresheet limited to the original charges even if the defendant *514 were to be convicted of the additional charges as well.
After his conviction of the additional charges plus the original charges, a scoresheet was prepared accurately reflecting convictions on all such charges. Nevertheless, the trial court, in accordance with his above referred pretrial indication, relied upon the obviously erroneous scoresheet. We will, therefore, not examine the departure reasons given by the trial court. However, even though the sentences imposed appear to be within the guidelines range reflected in the applicable scoresheet, we will reverse and remand for resentencing because the defendant should be given the opportunity to address the applicable scoresheet and raise any appropriate objections thereto.
We therefore affirm the judgments as to all convictions but reverse the sentences and remand for resentencing under the correct guidelines scoresheet.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959) (collateral crime/similar fact evidence).
[2] The crime of incest under Section 826.04, Florida Statutes (1985) is limited to instances of vaginal intercourse.
[3] Chapter 88-131(7), Laws of Florida, which purports to undermine the Carawan holding by abolishing the "rule of lenity" relied upon in Carawan, is inapplicable to the instant case since the subject crimes were committed prior to the above legislative act. Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988).
[4] In Carawan, the Court observed at footnote 8:

We emphasize that our holding applies only to separate punishments arising from one act, not one transaction. An act is a discrete event arising from a single criminal intent, whereas a transaction is a related series of acts. (emphasis in original)
515 So.2d at 170; see also Hall v. State, 517 So.2d 678 (Fla. 1988).
[5] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[6] Section 794.041 was originally numbered as 794.012 in Chapter 84-86. It was subsequently renumbered as 794.041 and appeared as such in the 1984 Supplement of Florida Statutes.
[7] While inapplicable to the instant case, we note that in 1987, Rule (d)(7) was changed by the substitution of the following for the then-existing language quoted above:

Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
Florida Rules of Criminal Procedure Re Sentencing Guidelines (Rules 3.701 and 3.988) 509 So.2d 1088 (Fla. 1987). Such amendment was legislatively approved per Chapter 87-110, section 1, Laws of Florida.
[8] Paragraph V ("Victim Injury") of the scoresheet shows that 20 points were scored for one count involving "contact but no penetration" and 80 points were scored for two counts involving "penetration or slight injury."