THREADGILL, Judge.
Otis Brown was convicted of fourteen felony offenses,[1] arising from his involvement in a racketeering enterprise, and sentenced to life imprisonment with a six-year mandatory minimum. The offenses involved a series of burglaries of dwellings committed with a codefendant between December 27, 1987, and January 2, 1988, plus the armed robbery and theft of the occupants. The asportation of a child within one of the homes resulted in a kidnapping conviction. We find no merit in any of the appellant’s issues on appeal and affirm his convictions and sentences.
Although not properly preserved below for review one issue requires discussion because it could be raised later by motion to correct the sentences.[2] See State v. Whitfield, 487 So.2d 1045, 1046-1047 (Fla.1986). The appellant argues that the trial court erred in using an all felonies score-sheet, which produced a higher score, instead of a robbery scoresheet. This argument fails because it relies on a committee note no longer in effect on the date of the instant offenses. The last sentence of committee note (d)(3), upon which the appellant relies, previously read, “In the event of multiple offenses of the same statutory degree, the primary offense is identified by the corresponding offense category with the lowest numerical designation.” The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 468 So.2d 220 (Fla.1985). It is the appellant’s contention that because armed robbery and racketeering are both first-degree felonies the trial court should have used a robbery scoresheet, with a category three designation, not an all felonies scoresheet, which has a category nine designation.
This requirement, however, was deleted from the committee note before the appel *1110 lant committed his offenses. The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311 (Fla.1985). The deletion became effective October 1, 1986. § 921.0015, Fla. Stat. (Supp.1986). It was intended to reconcile the committee note with the redefinition of “primary offense” [3] previously approved in 468 So.2d at 222 and with the text of revised Florida Rule of Criminal Procedure 3.701(d)(3). Id. We therefore find that the trial court used the correct scoresheet in calculating the appellant’s sentence.
Affirmed.
SCHOONOVER, C.J., and CAMPBELL, J., concur.

. Racketeering, § 895.03(3), Fla.Stat. (1987); Burglary, three (3) counts, § 810.02, Fla.Stat. (1987); Attempted Burglary, §§ 810.02 and 777.-04, Fla.Stat. (1987); Grand theft, § 812.-014(2)(c), Fla.Stat. (1987); Armed Robbery, four (4) counts, § 812.13(2)(a), Fla.Stat. (1987); Attempted Armed Robbery, three (3) counts, §§ 812.13(2)(a) and 777.04, Fla.Stat. (1987); and Kidnapping, § 787.01(l)(a)2., Fla.Stat. (1987).

. Florida Rule of Criminal Procedure 3.800, authorizes a court to correct at any time an incorrect calculation in a sentencing guidelines score-sheet.

. The definition of "primary offense" was changed from "the most serious offense at conviction" to "that offense which, when scored on the guidelines scoresheet, recommends the most severe sanction.” See The Florida Bar Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 468 So.2d at 222 (Fla.1985), approved again, 482 So.2d at 311.