PER CURIAM.
Appellant challenges the denial of his petition for writ of mandamus by which he sought consideration for control release. For the reasons set forth below, we affirm the denial of mandamus relief.
The appellant is an inmate in the custody of the Florida Department of Corrections, having been convicted and sentenced in 1992 for the offense described in section 794.-041(2)(b), Florida Statutes (engaging in “sexual activity” with a child by a person in familial or custodial authority). In October 1992, the appellee, Florida Parole Commission (“Commission”), informed appellant that his sex offense rendered him ineligible for control release under section 947.146, Florida Statutes. Upon learning of the Commission’s decision, appellant filed a petition for writ of mandamus asserting his eligibility for control release, disputing that his was one of the disqualifying sex offenses described in § 947.146(4)(c),[1] and seeking proper consid *149 eration for control release. The trial court ordered the Commission to show cause why the requested relief should not be granted and, upon receiving the Commission’s response, the trial court denied mandamus relief.
On appeal, it is not disputed that “sexual activity,” as defined in the statute appellant violated, is identical to the definition of “sexual battery” found elsewhere in chapter 794.[2] Thus, by performing the same sexual act, one may either commit a sexual battery or engage in sexual activity with a child. However, as appellant points out, each of these crimes has a unique element, and one cannot be deemed to have committed the crime of sexual battery, and thus be ineligible for control release, simply by virtue of having committed the offense of engaging in sexual activity with a child. The sexual battery statute addresses the nonconsensual or forcible nature of the proscribed sexual acts, at least with respect to victims 12 years of age or older. The statute appellant violated, though also protecting victims 12 years of age or older from the same sexual acts, is not at all concerned with the nonconsensual or forcible nature of the acts, but isolates for special sanction those who commit such acts upon persons over whom the offender stands in a position of familial or custodial authority. Slaughter v. State, 538 So.2d 509, 511-12 (Fla. 1st DCA 1989), appeal dismissed, 557 So.2d 34 (Fla.1990). In short, the appellant could only be found ineligible for control release under the sexual battery exclusion if it could be determined that the circumstances of his offense involved force or non-consent.
In making control release eligibility determinations, the circumstances of the offense may be gleaned from presentence investigations, arrest reports, or other documents leading to or generated during the course of criminal proceedings. § 947.146(4), Fla.Stat. (Supp.1992); see Dugger v. Grant, 610 So.2d 428 (Fla.1992). In the instant case, the circumstances of appellant’s offense are contained in a probable cause affidavit. Although the affidavit details several incidents of proscribed sexual activity, each incident was clearly nonconsensual and forcible, as each included descriptions of the victim’s struggling and the appellant’s use of force. We conclude that this was a sufficient basis for deeming appellant ineligible for control release.[3]
Accordingly, the denial of appellant’s petition for writ of mandamus is AFFIRMED.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.

. Control release is not available for an inmate who:
Is convicted, or has previously been convicted, of committing or attempting to commit *149 sexual battery, incest, or any of the following lewd or indecent assaults or acts: masturbating in public; exposing the sexual organs in a perverted-manner; or nonconsensual handling or fondling of the sexual organs of another person;
§ 947.146(4)(c), Fla.Stat. (Supp.1992) (emphasis added).

. "Sexual activity” in section 794.041(1), and "sexual battery" in section 794.01 l(l)(h), are both defined as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.”

. Additional support for this use of probable cause affidavits is found in the fact that a trial court, in accepting a plea, may rely upon the probable cause affidavit as a factual basis for the plea. See Mack v. State, 616 So.2d 109 (Fla. 4th DCA 1993). In the instant case, where the appellant pled nolo contendere, it is only reasonable to conclude that if the probable cause affidavit could provide a factual basis for the plea and the subsequent adjudication of guilt, then it must certainly suffice as the necessary "modicum of evidence” to support a control release determination. See Dugger v. Grant, supra, at 432.