638 So.2d 205 (1994)
Vincent GRAMEGNA, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 93-3572.
District Court of Appeal of Florida, First District.
June 8, 1994.
*206 Vincent Gramegna, pro se.
Kurt E. Ahrendt, Asst. Gen. Counsel, Tallahassee, for appellee.
PER CURIAM.
Vincent Gramegna appeals the denial of a petition for writ of mandamus. He seeks to be declared eligible for consideration for "control release" from state prison,[1] where he is serving concurrent ten-year sentences for lasciviously assaulting a child.
On April 23, 1991, Gramegna entered a plea of no contest to three counts of lewd, lascivious, or indecent assault or act upon or in the presence of a child. § 800.04(1), Fla. Stat. (1991). The information initiating the prosecution alleged that he had fondled the breasts and vagina of a fourteen-year-old victim, and that he had placed her hand on his penis. Because of the plea, no trial took place.
When the Florida Parole Commission (Commission) determined that his convictions rendered him ineligible for control release under section 947.146(4)(c), Florida Statutes, (1991),[2] Gramegna filed a petition for writ of mandamus in circuit court challenging that determination. The statute provides that control release is not available to an inmate who has been convicted of:
committing or attempting to commit sexual battery, incest, or any of the following lewd and lascivious acts: masturbating in public; exposing the sexual organs in a perverted manner; or nonconsensual handling or fondling of the genitals of another person.
Gramegna contends both that the sexual activity underlying his convictions was in fact consensual and that he was never convicted of "nonconsensual handling or fondling of the sexual organs of another person." He argues that the Commission lacked authority to determine him ineligible for control release solely on the strength of the word "forced" in an arresting officer's affidavit. The affidavit recited that Gramegna, while alone with the victim, "did fondle the breasts, underneath her clothing, did fondle her vaginal area on the outside of her clothing, and did take the victim's hand and forced her to fondle his genitals."
The Florida Supreme Court has held that the Secretary of the Department of Corrections could rely on information in an inmate's presentence investigation report, to determine eligibility for provisional credits, when factual matters apart from the nature of a conviction were at issue. Dugger v. Grant, 610 So.2d 428 (Fla. 1992). In Grant the supreme court considered, inter alia, subsections 944.277(1)(d) and (e), Florida Statutes (1989), which provided that provisional release (the predecessor to control release) was not available as to an inmate who:

*207 (d) is convicted, or has been previously convicted of committing or attempting to commit assault, aggravated assault, battery, or aggravated battery, and a sex act was attempted or completed during commission of the offense;
(e) is convicted, or has been previously convicted, of committing or attempting to commit kidnaping, burglary, or murder, and the offense was committed with the intent to commit sexual battery.
(Emphasis added.) Subsections 944.277(1)(d) and (e), Florida Statutes (1989), required proof of certain facts in addition to proof of a specified conviction in order to disqualify an inmate from provisional release. In contrast, section 947.146(4)(c), Florida Statutes (1991), requires proof of nothing other than a specified conviction in order to disqualify the convict from control release.
Under the supposed authority of Grant, the Commission relied in this case on an affidavit never attached to an accusatory pleading or even offered into evidence as grounds to conclude that Gramegna was convicted of an offense listed in section 947.146(3)(c), Florida Statutes (1991). But the Grant court never held that a conviction could be proven except by a copy of the judgment. Under section 947.146(3)(c), Florida Statutes (1991), the Legislature has provided that control release eligibility will be withheld from persons convicted of certain types of lewd or indecent assaults or acts.
This court, in Fulkroad v. Florida Parole Commission, 632 So.2d 148 (Fla. 1st DCA 1994), upheld the denial of mandamus relief for an inmate who had been convicted of sexual activity with a child by a person in familial or custodial authority in violation of section 794.041(2)(b), Florida Statutes (1991). The Commission had denied Fulkroad control release eligibility under the sexual battery disqualifier then contained in section 947.146(4)(c), Florida Statutes (1992 Supp.). We reasoned that, although the same act could constitute both sexual battery and sexual activity with a child,[3] each of the crimes had a unique element, so that a prisoner could not be "deemed to have committed the crime of sexual battery, and thus be ineligible for control release, simply by virtue of having committed the offense of engaging in sexual activity with a child."[4] 632 So.2d at 149. Citing Dugger v. Grant, 610 So.2d 428 (Fla. 1992), we held that the clear indications of forcible or nonconsensual sexual activity contained in the probable cause affidavit which led to the arrest of Fulkroad provided a sufficient basis for deeming him ineligible for control release under section 947.146(4)(c). Id.
While we feel constrained to follow recent precedent, we now question whether Dugger v. Grant permits the Commission to deny control release pursuant to 947.146(4)(c), relying on an arrest affidavit, rather than on the judgment of conviction, as the statute appears to mandate. We affirm the denial of mandamus relief based on our own recent decision in Fulkroad v. Florida Parole Commission, 632 So.2d 148 (Fla. 1st DCA 1994), but, for the reasons set forth above, we certify the following question to the Supreme Court of Florida as one of great public importance:
WHETHER AN ARRESTING OFFICER'S AFFIDAVIT MAY BE USED TO DENY CONTROL RELEASE ELIGIBILITY, UNDER SECTION 947.146(3)(C), FLORIDA STATUTES (1993), WHERE THE INFORMATION, INDICTMENT, BILL OF PARTICULARS AND JUDGMENT OF CONVICTION DO NOT ESTABLISH A DISQUALIFYING CONVICTION?
We recognize that the trial court also based its denial of mandamus relief on its conclusion that the fourteen-year-old victim could not, as a matter of law, have consented to the *208 sexual acts in this case. Accordingly, we certify the following additional question to the Supreme Court of Florida as one of great public importance:
WHETHER, FOR PURPOSES OF CONTROL RELEASE ELIGIBILITY DETERMINATIONS UNDER SECTION 947.146(3)(C), FLORIDA STATUTES, A CHILD UNDER THE AGE OF SIXTEEN CAN CONSENT TO SEXUAL ACTS THAT CONSTITUTE A VIOLATION OF SECTION 800.04, FLORIDA STATUTES?
The denial of the petition for writ of mandamus is affirmed and the foregoing questions are certified to the Supreme Court of Florida.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.
NOTES
[1] [Control Release A]uthority has as its primary purpose the implementation of a system of uniform criteria for the determination of the number and type of inmates who must be released into the community under control release in order to maintain the state prison system at or below 99 percent of its lawful capacity as defined in s. 944.096. No inmate has a right to control release. Control release is an administrative function solely used to manage the state prison population within lawful capacity... .
§ 947.146(2), Fla. Stat. (1993).
[2] When section 947.146 was subsequently amended, this subsection was renumbered as 947.146(3)(c). Ch. 93-406, § 27, at 3580, Laws of Fla.
[3] The critical distinction between the two statutes for purposes of control release eligibility lay in the requirement for sexual battery that the proscribed sexual acts be nonconsensual or forcible in nature. Fulkroad v. Florida Parole Commission, 632 So.2d 148, 149 (Fla. 1st DCA 1994). We concluded that Fulkroad could be found ineligible for control release on account of sexual battery only if the circumstances of his offense involved force or nonconsent. Id.
[4] Under section 794.011(8), Florida Statutes (1993), sexual activity with a child by a person in familial or custodial authority now constitutes sexual battery.