**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**KAREEMA THOMPSON, (D.O.B: 08-27-76), Defendant**

Criminal No. F434/2002

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

March 5, 2004

BRENDA SCALES, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for the Plaintiff*

TRESTON E. MOORE, ESQ., Moore, Dodson, and Russell, St. Thomas, U.S. Virgin Islands, *Attorney for the Defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

### (March 5, 2004)

Before the Court is Defendant Kareema Thompson's motion to dismiss the above-captioned case, contending that vindictiveness motivated the Government to file a superceding information with more severe charges, because she rejected the Government's plea offer. Kareema Thompson ("Defendant") asserts that the Government, after dismissing an earlier criminal case against her involving the same incident has filed a second case, charging her with one count of second degree murder, one count of third degree assault, two counts of possession of an unlicensed firearm during the commission of a crime of violence, and one count of mis-prison of a felony. Defendant further asserts that the prosecutor's filing of the second case is an act of retaliation for failed plea negotiations between the parties and constitutes prosecutorial vindictiveness. The Government of the Virgin Islands ("Government") has filed its opposition to Defendant's motion. For the reasons enumerated below, Defendant's motion to dismiss will be denied.

### FACTS

In the prior case of *Government of the Virgin Islands v. Kareema Thompson*, criminal case no. F39/2002, filed on February 5, 2002, the Government charged Defendant with two counts of involuntary manslaughter and one count of possession of an unlicensed firearm.

Subsequent to filing that case and pursuant to the Government's motion to dismiss, the judge in that case dismissed without prejudice criminal case no. F39/2002 on December 30, 2002. According to the Judge's written order, the dismissal of criminal case no. F39/2002 was prompted by the Government's filing of a motion to dismiss the original information and an amended information filed in the case. The record of proceedings in criminal case no. F39/2002, discloses that the judge informed Assistant Attorney General Brenda Scales that the Court could not allow a superceding information to be filed in the same case while the original or amended information is still pending. Being so informed, Attorney Scales motioned that Court to dismiss criminal case no. F39/2002, which that Court promptly dismissed. On the same day of the dismissal of case no. F39/2002, the Government filed this case, utilizing a superceding information.

On January 14th, 2003, Defendant filed her motion to dismiss, asserting vindictive prosecution engendered by the Government's filing of this case, charging different crimes with enhanced penalties from those crimes filed in criminal case no. F39/2002.

Subsequent to the filing of criminal case no. F39/2002, but before dismissal of that case on December 30, 2002, the parties proceeded to engage in plea negotiations. On August 1, 2002, Defendant informed the Government that she has rejected the Government's plea offer.

In October 2002, Assistant Attorney General Scales assumed prosecution of criminal case no. F39/2002 or the prior case. In the same case, Attorney Scales filed an October 11, 2002 motion entitled "motion for leave to file superceding information, or in the alternative, to dismiss second amended information without prejudice, pending filing of new information," accompanied by a memorandum of law and a superceding information. She likewise filed an October 11, 2002 notice of appearance. On December 30, 2002 the judge entered an order dismissing criminal case no. F39/2002 and simultaneously granted the Government's motion to dismiss without prejudice the amended information and superceding information filed in that case. The Government indirectly avers that after Attorney Scales reviewed the prior case she found justification to file the superceding information, based purportedly on her independent review and evaluation of the evidence in the case. However, Defendant disagrees with the Government's reason for filing the superceding information.

Additionally, after the dismissal of criminal case no. F39/2002 on December 30, 2002, the Government filed this case with a superceding information which has identical charges to those in the superceding information in the now dismissed criminal case no. F39/2002.

Defendant contends that because she exercised her Constitutional Rights and rejected, from her perspective, an unacceptable plea offer, the prosecutor filed this case in retaliation for her rejecting the Government's plea offer.

## DISCUSSION

The issue is whether after failed plea negotiations, the Government can file a second case against the same defendant, with enhanced or more severe crimes than those filed in the first case, which has been dismissed, without the second case constituting vindictive prosecution.

██ Because of the general presumption of prosecutorial regularity, a presumption of vindictive prosecution, or any other type of selective prosecution, must be supported by a sufficiently strong showing to overcome the presumption of prosecutorial regularity. *United States v. Wilson*, 262 F.3d 305 (4th Cir. 2001). To establish a prosecution brought with vindictive motive, the Defendant must prove objectively that the prosecutor's charging decision was a direct and unjustifiable penalty that resulted solely from the Defendant's exercise of a protected legal right. Essentially, the Defendant must demonstrate that: (1) the prosecutor harbored genuine animus towards the Defendant, or was prevailed upon to bring the charges by another with animus that the prosecutor would be considered a "stalking horse"; and (2) the Defendant would not have been prosecuted except for the animus. *United States v. Sanders*, 211 F.3d 711 (2d Cir. 2000). Therefore, in establishing prosecutorial vindictiveness, the Defendant must show, through evidence, that the prosecutor acted with genuine animus toward the Defendant. *United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003). Additionally, Defendant must demonstrate that ill will actually motivated the prosecutor to file the enhanced or more severe charges, before a case for prosecutorial vindictiveness can be substantiated. *United States v. Monsoor*, 77 F.3d 1031 (7th Cir. 1996). Accordingly, the Defendant must offer more than mere assertions of bad faith or vindictiveness in order to overcome the presumption of legitimacy afforded a prosecutor's charging decision. *United States v. Al Jibori*, 149 F.3d 125, 127 (2d Cir. 1998). Likewise, if

a Defendant shows direct evidence of actual vindictiveness or facts warranting such an appearance, the prosecution has the burden of proving independent reasons or intervening circumstances to dispel an appearance of vindictiveness and justify its prosecutorial decision. *United States v. Edmonds*, 103 F.3d 822, 826 (9th Cir. 1996); *see also United States v. Lampley*, 127 F.3d 1231, 1246, (10th Cir. 1997).

■ Nonetheless, it is noteworthy that a presumption of prosecutorial vindictiveness does not arise where, prior to trial, the prosecutor brings enhanced charges following Defendant's exercise of a procedural right. *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996). Similarly, Courts will not presume vindictiveness by the prosecution, because the prosecutor filed a superceding indictment, after a plea bargain is rejected. *United States v. Goodwin*, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982). In a similar situation as in this case, involving a plea offer, the Appellate Court concluded that absent evidence of improper prosecutorial motive the Government did not violate the Defendant's due process rights by filing a superceding indictment, which charged more serious offenses than the first indictment after the Defendant withdrew his plea. *United States v. Lopez*, 60 Fed. Appx. 850 (2d Cir. 2003); see also *United States v. Hernandez-Herrera*, 273 F.3d 1213 (9th Cir. 2001), *cert. denied*, 537 U.S. 868 (2001). Even in instances where the prosecutor carried out his threat made during plea negotiations that he would re-indict the accused as a habitual offender, if the accused did not plead guilty to the charge and agree to a specific sentence of imprisonment, the Court concluded that there was the absence of any element of punishment in the give and take of plea negotiations, because the accused was free to accept or reject the prosecution's plea offer. *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 668, 54 L. Ed. 2d 604 (1978). *See also United States v. Mays*, 738 F.2d 1188 (11th Cir. 1984). The Court's conclusion in the case of *United States v. Gastelum-Almeida*, 298 F.3d 1167 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 461, 154 L. Ed. 2d 352 (2002), is instructive and edifying on the issue of prosecutorial vindictiveness. The Appellate Court concluded that the prosecutor did not engage in vindictive prosecution by filing a superseding indictment, with additional charges, after the Defendant rejected the prosecutor's written plea offer, although the prosecutor had told defense counsel that he would not supersede the indictment, if the Defendant agreed to the plea offer. The Appellate Court further

concluded that the plea offer was part of plea negotiations and did not violate the Defendant's due process right.

■ If the government produces evidence to rebut the presumption of prosecutorial vindictiveness, Defendant must prove that the offered justification by the Government is pretextual and that actual vindictiveness has occurred. *Bragan v. Poindexter*, 249 F.3d 476 (6th Cir. 2001).

Initially, the Government filed the first case against Defendant. The parties proceeded to engage in plea negotiations, which is an integral part of the criminal justice system and, therefore, is not unusual. The fact that the parties engaged in plea negotiations that was unsuccessful does not mean that the Government must compromise the nature and number of charges it can file against a defendant. As long as the Government has evidence to support a bona fide prosecution of a person for a particular crime, it is not evidence of ill will, bad faith, or vexatiousness for the Government to proceed with prosecuting that crime. Therefore, if the Government has evidence to support additional or more severe charges against defendant, the prosecutor is well within his prosecutorial discretion to file such charges. To contend that there is an automatic nexus between a failed plea negotiation and the filing of additional legitimate criminal charges against the same defendant is to disavow and abjure the prosecutor's discretion to determine what criminal charges are to be filed against a defendant.

The Defendant has not invited the Court's attention to any salient facts that may conceivably constitute ill will, bad faith or vindictiveness by the prosecutor. Likewise, no information has been proposed from which the Court can find an element of prosecutor's mischief or nefariousness with linkage to Defendant's rejection of the Government's plea offer. The Court cannot ignore the fact that this case was filed partly in an effort to comply with the Judge's specific instruction in criminal case no. F39/2002. In a December 30, 2002 order in case no. F39/2002, the Judge explicitly states: "[t]he Court informed the Government that the superceding information could not be filed unless the original and amended information(s) were first dismissed." The original and any amended information were dismissed without prejudice by the same court order.

■ If a second prosecutor perceives that the evidence assembled by the government justifies additional or different charges from those previously filed, there is no cogent basis to preclude the filing of

363

additional or more severe charges from those earlier filed charges simply because there have been failed plea negotiations. Two prosecutors looking at the same evidence, but with different levels of experience, will analyze the same case differently. Individually, they very well may see different crimes, emanating from the same facts and occurrences.

The Defendant has failed to cite specific facts, other than the refilling of this case with enhanced charges, to support a case for vindictive prosecution. No persuasive evidence has been offered to the Court to overcome the presumption of prosecutorial regularity afforded prosecutors or to induce this Court to find prosecutorial irregularity. The second prosecutor who filed this case was not involved with the plea bargaining negotiations in the first case. Importantly, this case is devoid of any indisputable evidence that the prosecutor who filed this case harbors animus against Defendant, personally or professionally, or was influenced by someone with animus toward Defendant.

The Defendant bears the burden of proving ill will or vindictiveness by the prosecution in filing additional and more severe charges. The Court finds that Defendant has failed to sustain her burden of proof.

Defendant is reminded that in the context of pretrial negotiations, vindictive prosecution will not be presumed simply because a more severe charge followed or even resulted from the Defendant's exercise of a right. *United States v. Gastelum-Almeida*, 298 F.3d 1167 (9th Cir. 2002), *cert. denied*, 537 U.S. 986 (2002).

## CONCLUSION

Defendant has failed to demonstrate a direct nexus or linkage between the filing of more severe charges and ill will, vindictiveness or animus by the prosecutor, resulting in a violation of Defendant's Constitutional Rights. Significantly, Defendant has not proffered any compelling evidence of ill will or bad faith by the prosecutor.

The Court holds that it is not unlawful for the prosecution to file enhanced or additional charges against a Defendant, following failed efforts of plea negotiation, as long as the enhanced or additional charges were not motivated by ill-will, spite, animus, vindictiveness, or in retaliation for Defendant's rejection of a plea offer occasioned by the exercise of a cognizable Constitutional right.

Accordingly, Defendant's motion to dismiss this case, because of prosecutorial vindictiveness is denied. An appropriate order will follow.